(867 P.2d 1067)
No. 69,248

DAN FETZER, *Appellee*, MARK BOLING d/b/a BOLING
CONSTRUCTION CO., *Appellant*.

—

Opinion filed February 4, 1994.

Gary L. Conwell, of Topeka, for appellant.

Kirk W. Lowry, of Palmer & Lowry, of Topeka, for appellee.

Before GERNON, P.J., LEWIS, J., and GERALD T. ELLIOTT, District Judge, assigned.

ELLIOTT, J.: Mark Boling d/b/a Boling Construction Co. (Boling) appeals the district court's decision that Dan Fetzer was covered by and entitled to benefits under the Kansas Workers Compensation Act. The district court's decision reversed the order of the Director of Workers Compensation which upheld the order of the Administrative Law Judge (ALJ) denying an award to Fetzer for the reason that there was no coverage afforded Fetzer under the Act. We affirm the decision of the district court.

At issue is the interpretation and application of K.S.A. 44-505(a)(2) (Ensley).

Boling, a remodeling company, began business in March of 1989, during which year it had a gross payroll of $4,133.75. Owners of similar businesses advised Mark Boling to expect a slower second year, and his insurance agent advised him that if his payroll did not exceed $10,000, he did not need workers compensation coverage. Therefore, Boling did not consider or purchase workers compensation insurance for 1990.

Boling had a gross payroll of $1,652.02 for the first quarter of 1990. Fetzer began working for Boling during the second quarter, about April 1, 1990. On June 27, 1990, Fetzer sustained an injury during the course of his employment while removing shingles from a pickup truck. During the second quarter of 1990, which ended on June 30, Boling had a gross payroll of $7,672.89. By the end of the second quarter, therefore, Boling's gross payroll totaled $9,324.91. At the time of Fetzer's injury, Boling was an ongoing business with work in progress and bids out on new projects.

Fetzer filed for workers compensation benefits, and the parties stipulated: (1) that the relationship of employer-employee existed, (2) that a written claim was timely made, (3) to claimant's average

weekly wage, and (4) that the injury was a scheduled injury under K.S.A. 44-510d.

The ALJ found that at the time of Fetzer's accidental injury, the parties were not covered by the Workers Compensation Act, relying on K.S.A. 44-505(a)(2). The ALJ found that Boling did not expect a gross annual payroll of more than $10,000 in the year 1990 when that year began and that was a reasonable expectation "at the beginning of 1990." Further, the ALJ held that since Boling's estimate at the beginning of the calendar year was reasonable, coverage under the Workers Compensation Act would begin only when the $10,000 payroll threshold had been crossed and not before. Therefore, the ALJ concluded there was no coverage. The Director adopted and incorporated the findings of the ALJ and affirmed the ALJ in all respects. Fetzer filed a petition for judicial review by the district court.

The district court found that K.S.A. 44-505(a)(2) (Ensley) required Boling to monitor its payroll and that an employee would be covered when it reasonably appeared that the gross payroll in a current calendar year would exceed $10,000. The district court found that no reasonable estimate could be made in June 1990, prior to the injury, that the $10,000 threshold would not be met in the calendar year 1990 and, therefore, reversed the Director, even though the $10,000 gross payroll had not been exceeded at the time of the injury. This appeal followed.

Our scope of review is established by the Act for Judicial Review and Civil Enforcement of Agency Actions (K.S.A. 77-601 et seq.) and K.S.A. 44-556. The appellate court has unlimited review on questions of law, but on questions of fact it is limited to determining if there is substantial competent evidence to support the findings of fact of the trial court. *Rodriquez v. John Russell Constr.*, 16 Kan. App. 2d 269, 271, 826 P.2d 515 (1991). We are bound by the trial court's findings of fact that are supported by substantial competent evidence and must view the evidence in the light most favorable to the party prevailing below. See *Angleton v. Starkan, Inc.*, 250 Kan. 711, 716, 828 P.2d 933 (1992). If substantial evidence supports the district court's factual findings, the appellate court does not reweigh the evidence or reverse the final order of the district court. *Hughes v. Inland Container Corp.*, 247 Kan. 407, 410, 799 P.2d 1011 (1990).

In workers compensation cases, "substantial evidence" is " 'evidence that possesses something of substance and relevant consequence or evidence that furnishes a substantial basis of fact from which the issues presented can be reasonably resolved.' [Citations omitted.] Substantial competent evidence is also defined as evidence that is relevant and that carries enough weight to allow one to conclude that the judgment is proper." 247 Kan. at 410.

A workers compensation claimant has the burden of proof to establish the right to an award of compensation and to prove those conditions on which the claimant's right depends. The burden of proof is the obligation to persuade the factfinder by a preponderance of the credible evidence that a party's position is more probably true than not true on the basis of the entire record. 247 Kan. at 410. With specific reference to the provisions of the Act here under consideration, this court has previously held that a claimant has the burden to prove coverage under the Act with respect to K.S.A. 44-505(a)(2) (Ensley). *Brooks v. Lochner Builders, Inc.*, 5 Kan. App. 2d 152, 154, 613 P.2d 389 (1980).

The pertinent provisions of K.S.A. 44-505(a) (Ensley) provide:

"[T]he workmen's compensation act shall apply to all employments . . . except . . . (2) any employment . . . wherein the employer had a total gross annual payroll for the preceding calendar year of not more than $10,000 for all employees and wherein the employer reasonably estimates that such employer will not have a total gross annual payroll for the current calendar year of more than $10,000 for all employees."

Boling contends that the parties are not covered by the Workers Compensation Act because Boling did not have a payroll of more than $10,000 for the year 1989 and reasonably believed that it would not have a total gross annual payroll for 1990 of more than $10,000 for all its employees.

Thus, Boling argues the statute should be interpreted to mean that when an employer initially reasonably estimates its calendar year gross payroll will not exceed $10,000, the employer does not come under the Act unless and until the gross payroll for the calendar year actually exceeds $10,000. In support, Boling argues: (1) The district court's interpretation results in uncertainty, injustice, and confusion; and (2) the Kansas Workers Compensation Practice Manual, as well as customary interpretation, common usage, and practice, contemplate that a business does

not come under the Act until it exceeds $10,000 in gross payroll for a calendar year.

Since the issue to be determined on this appeal is whether Fetzer was covered by the Act, legislative intent is of prime importance. See *Rodriquez v. John Russell Constr.*, 16 Kan. App. 2d at 271. The 1987 Kansas Legislature adopted the following statement of intent with respect to the Act:

"It is the intent of the legislature that the workers compensation act shall be liberally construed for the purpose of bringing employers and employees within the provisions of the act to provide the protections of the workers compensation act to both. The provisions of the workers compensation act shall be applied impartially to both employers and employees in cases arising thereunder." K.S.A. 44-501(g).

If the legislature had intended the bright line rule urged by Boling, it could and no doubt would have simply established a $10,000 threshold for the current year. Rather than doing that, the legislature specifically chose to condition applicability upon the employer's reasonable estimate of payroll for the current year. The uncertainty of which Boling now complains is a function of the language of the statute itself. If the legislature considers Boling's concerns to be valid, it is the responsibility of the legislature to determine whether and how to address them. See, e.g., *Stout v. Stixon Petroleum*, 17 Kan. App. 2d 195, 204, 836 P.2d 1185, *rev. denied* 251 Kan. 942 (1992).

We are directed by the legislature's intent as expressed in the Act to liberally construe the statute for the purpose of bringing employers and employees within its provisions. Guided by this direction, the restrictive and limiting interpretation argued by Boling, which does not provide coverage after an initial reasonable estimate until a gross payroll in excess of $10,000 is actually achieved, would not carry out the intent of the legislature.

A liberal construction of K.S.A. 44-505(a)(2) (Ensley) to bring employees and employers within the Act requires the employer's estimate to be reasonable in both manner and method, *i.e., how* it is made; and time, *i.e., when* it is made. To construe the statute to permit a single estimate to be made at or before the beginning of a calendar year is a limiting and restrictive interpretation. On the other hand, to construe the statute to require the estimate to be made at "reasonable" times throughout the

calendar year is more liberal and broadening and will have the effect of carrying out the legislative purpose of bringing employees and employers within the coverage of the Act. The requirement that the estimate be a "reasonable" one, both in terms of when and how it is made, allows a situation-specific evaluation which considers the particular circumstances of a given case. This will carry out the legislative purpose of bringing the employee and employer within coverage of the Act.

It remains now to consider whether substantial competent evidence supports the district court's factual findings.

The statute, in effect, mandates coverage unless the employer reasonably estimates it will not have a total gross annual payroll for the current calendar year exceeding $10,000. The trial court's finding of fact concerning this was as follows: "Thus, subjectively or objectively, no estimate could be advanced in June 1990, prior to the injury in question, that could reasonably conclude the $10,000 threshold would *not* be met in calendar year 1990."

The district court based this finding on facts which it recited, including: (1) Fetzer was injured June 27, 1990; (2) on June 30, 1990, Boling had a gross payroll to date for the year 1990 of $9,324.91; and (3) Boling was a going business with work in progress and had two full-time employees and one part-time employee who were paid every two weeks. Further, the district court inferred from the evidence that Boling contracted business in advance by bid or fixed price and anticipated a profit. The district court further relied upon Fetzer's evidence that Boling's business and payroll was of such amount by June 1990 that by the date of the injury it was reasonable to estimate that Boling's gross payroll for the calendar year 1990 would exceed $10,000. Finally, the district court, exercising the discretion extended to it as factfinder, declined to give weight and credit to Boling's evidence that at the time of the injury it was not in a position to estimate that its gross 1990 payroll would exceed $10,000. The district court found it was not plausible as fact that a business so engaged would be ignorant of its own operations so as to justify an estimate that its gross payroll would not exceed $10,000 in the calendar year 1990.

The record amply demonstrates substantial evidence to support the district court's factual finding that Boling could not reasonably

estimate its gross payroll for the calendar year 1990 would not exceed $10,000. For this reason, the district court was correct in its conclusion that there was coverage.

Affirmed.