(217 P.3d 11)

No. 101,614

ALFRED E. SLUSHER, *Appellant*, v. WONDERFUL HOUSE CHINESE RESTAURANT, INC. and KANSAS WORKERS COMPENSATION FUND, *Appellees.*

Opinion filed October 9, 2009.

*Mitchell W. Rice*, of Bretz Law Offices, of Hutchinson, for appellant.

*Wendel W. Wurst*, of Calihan, Brown, Burgardt, Wurst & Daniel, P.A., of Garden City, for appellee Wonderful House Chinese Restaurant, Inc.

*D. Shane Bangerter*, of Rebein Bangerter PA, of Dodge City, for appellee Kansas Workers Compensation Fund.

Before RULON, C.J., ELLIOTT AND HILL, JJ.

HILL, J.: Alfred Slusher shattered his elbow while working at a restaurant. He now appeals the denial of workers compensation benefits by the Workers Compensation Board. The Board decided the Workers Compensation Act did not apply to the restaurant where Slusher worked. The law clearly states the Act applies only

to employers with a gross annual payroll greater than $20,000 for the current calendar year. Because the restaurant in this case did not have such a payroll for the calendar year, we also hold the Act did not apply. We affirm.

*Slusher fell and injured his elbow.*

Wonderful House Chinese Restaurant, Inc., was incorporated in June 2007 and opened for business in Goodland on December 6, 2007. The restaurant had no employees before December. Alfred Slusher began working at Wonderful House in December. Then on December 26, 2007, while working, Slusher fell and shattered his elbow. Unfortunately, Wonderful House did not have workers compensation insurance coverage on that date.

Slusher filed a workers compensation claim. In due course, an administrative law judge ordered Wonderful House to pay Slusher's outstanding medical bills, medical treatment, and temporary total disability compensation. Later, after deciding the restaurant was unable to pay, the Judge ordered the Workers Compensation Fund to pay Slusher the benefits. The Judge ruled Wonderful House was not exempt from workers compensation under K.S.A. 44-505(a)(2) because it was reasonable to assume it would exceed $20,000 in gross annual payroll for nonfamily members in 2008, the next calendar year. (In fact, total payroll for nonfamily members for the first 6 months of 2008 was $11,690.30.)

The Fund appealed to the Workers Compensation Board. The Board ruled Wonderful House was exempt from workers compensation under K.S.A. 44-505(a) (3). In the Board's view, the administrative law judge should not have considered the 2008 expected payroll. In its analysis, since Wonderful House had no payroll in 2006 and neither had, nor expected, a total gross payroll of more than $20,000 in the current calendar year, 2007, the restaurant was exempt. Thus, according to the Board, the Workers Compensation Act did not apply to Wonderful House, and the Board reversed the Judge's decision and denied benefits to Slusher. Slusher appeals to this court, arguing the Board's harsh ruling produced an "absurd" result.

*We repeat our standard of review and list some fundamental principles of law.*

The parties do not dispute the facts but do vigorously contest a question of law. Slusher asks this court to consider the application of K.S.A. 44-505(a)(3) to his case. This requires us to construe the statute. Of course, the interpretation of a statutory provision in the Workers Compensation Act is a question of law. *Saylor v. Westar Energy, Inc.*, 41 Kan. App. 2d 1042, 1045, 207 P.3d 275 (2009). This court exercises unlimited review over questions of law. *Fetzer v. Boling*, 19 Kan. App. 2d 264, 266, 867 P.2d 1067 (1994). However, "[u]nder the doctrine of operative construction, the Board's interpretation of the law is entitled to judicial deference." *Saylor*, 41 Kan. App. 2d at 1045. Although the Board's determination is not conclusive or binding, this court should uphold the Board's interpretation if there is a rational basis for that interpretation. 41 Kan. App. 2d at 1045.

In appeals such as this, the party challenging the Board's interpretation has the burden to prove its invalidity. *Saylor*, 41 Kan. App. 2d at 1045. Moreover, the workers compensation claimant has the burden to establish his or her right to compensation and to prove the conditions on which that right depends. *Fetzer*, 19 Kan. App. 2d at 267. Also, we have held that the claimant has the burden to prove coverage under the Workers Compensation Act under K.S.A. 44-505(a)(2). 19 Kan. App. 2d at 267.

*Slusher raises a unique question.*

Slusher argues the Board's interpretation means a business is exempt from the Workers Compensation Act when the employer opens the business at the end of a year and has a total gross payroll of less than $20,000 in that year but estimates a total gross payroll of more than $20,000 for the following year. In his view, such a literal construction of K.S.A. 44-505(a)(3) denies compensation to workers and is contrary to one of the primary purposes of the Act, namely providing workers compensation coverage. This issue has not been previously considered by a court in this state.

Workers compensation coverage is not universal in Kansas. For example, two exclusions described in K.S.A. 44-505(a)(2) and

K.S.A. 44-505(a)(3) are pertinent to this case because the administrative law judge and the Board used them in their analyses. They exempt:

"(2) any employment . . . wherein the employer had a total gross annual payroll for the preceding calendar year of not more than $20,000 for all employees and wherein the employer reasonably estimates that such employer will not have a total gross annual payroll for the current calendar year of more than $20,000 for all employees, except that no wages paid to an employee who is a member of the employer's family by marriage or consanguinity shall be included as part of the total gross annual payroll of such employer for purposes of this subsection.

"(3) any employment . . . wherein the employer has not had a payroll for a calendar year and wherein the employer reasonably estimates that such employer will not have a total gross annual payroll for the current calendar year of more than $20,000 for all employees, except that no wages paid to an employee who is a member of the employer's family by marriage or consanguinity shall be included as a part of the total gross annual payroll of such employer for purposes of this subsection." K.S.A. 44-505(a)(2), (3).

Applying the second provision quoted above, K.S.A. 44-505(a)(3), the Board found Wonderful House exempt from the Workers Compensation Act for two reasons. First, Wonderful House had no payroll during the year preceding the current calendar year (2006). Second, Wonderful House neither had, nor expected, a total gross annual payroll of more than $20,000 in the current calendar year (2007). The record supports those findings. Wonderful House, formed on June 25, 2007, indeed had no payroll in 2006 and no employees before December 2007. The restaurant's total 2007 payroll was $8,043.99, considerably less than $20,000.

In response to the Board's ruling, Slusher argues the sole purpose of K.S.A. 44-505(a)(3) is to exclude from the Workers Compensation Act only very small businesses expecting less than $20,000 in total gross annual payroll. Slusher contends Wonderful House could not reasonably claim that it was exempt under this statute because it had nearly $3,000 in payroll during the mere 25 days it was in business in 2007. Essentially, Slusher asks this court to read K.S.A. 44-505(a)(3) to include the additional requirement that the employer reasonably expected a total gross annual payroll of more than $20,000 in the year *following* the current calendar year.

Our task is statutory interpretation, not statutory revision. We do not read the statue as Slusher would have us. This court recognizes the fundamental rule of statutory construction is that the purpose and intent of the legislature governs when such intent can be gleaned from the statute. See *Maas v. Huxtable & Assocs., Inc.*, 23 Kan. App. 2d 236, 241, 929 P.2d 780 (1996). Moreover, "[w]hen a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." 23 Kan. App. 2d at 241. This court may not usurp the function of the legislature by adding language to the statute.

Slusher relies upon *Fetzer*, 19 Kan. App. 2d 264, as support. The *Fetzer* court ruled that when making a K.S.A. 44-505(a)(2) wage estimate, the estimate must be reasonable both in terms of when and how it is made. 19 Kan. App. 2d at 268-69. In *Fetzer*, the employer claimed estimated wages would be below the $10,000 threshold (applicable at that time) for the year, but the evidence revealed the employer had paid over $9,000 in wages by June and still had people working on projects. The court affirmed the district court's holding that the employer's annual wage estimate was unreasonable in the light of the facts. 19 Kan. App. 2d at 269-70.

The ruling in *Fetzer* has no application here. We must point out that in this case we deal with the next section, K.S.A. 44-505(a)(3). *Fetzer* dealt with a situation where it was unreasonable for the employer, on the date of the injury, to expect that total gross annual income would not exceed the minimum within that same calendar year. 19 Kan. App. 2d, 269-70. Here, Slusher does not claim Wonderful House was unreasonable in not expecting to exceed $20,000 in total gross annual payroll in 2007. In fact, Wonderful House did not exceed this amount. Actually, the statute, K.S.A. 44-505(a)(2), the subject of *Fetzer*, does not apply in this case since Wonderful House had no payroll in 2006.

Some legislative history is instructive here. The legislature was considering new businesses when it enacted this statute. When the legislature amended the statute to include this provision, see L. 1977, ch. 174, sec. 1 (S.B. 110), the bill was introduced to address

"the employer who sets up a new business in Kansas with a large payroll and, because [there was] no payroll the preceding calendar year, would not be covered by the Workmen's Compensation Act the first year of business. Senate Bill 110 would require that the employer reasonably estimate that he or she will not have a total gross annual payroll for the current calendar year of more than $10,000 for all workmen before he or she could be exempt from the Workmen's Compensation Act." Minutes, House Labor and Industry Comm., March 10, 1977.

Rather than exclude new businesses for the entire first year by applying K.S.A. 44-505(a)(2), the legislature adopted subsection (a)(3) to ensure workers compensation coverage except in those cases where reasonable payroll estimates did not meet the threshold. A panel of this court did in *Johnson v. United Excel Corp.*, No. 99,428, unpublished opinion filed January 30, 2009, slip. op. at 11 (citing K.S.A. 44-505(a)(3) as a "situation . . . where a new business estimates that its gross annual payroll for the calendar year will not exceed $20,000"), *rev. denied* September 2, 2009.

No court in any other jurisdiction has addressed the issue. Larson on Workers' Compensation Law refers to K.S.A. 44-505 as a "very limited special provision." 4 Larson on Workers' Compensation Law § 74.01, p. 74-2 (2009). Only two states have similar provisions, and the courts in those states have not addressed the issue. See *Parsley v. Rickey*, 962 P.2d 1269, 1270 (Okla. 1998) (noting Oklahoma statute stating workers compensation act does not apply to any person employed in agriculture or horticulture by employer who had gross annual payroll in preceding calendar year of less than $100,000); *Lester v. Workers' Compensation Com'n*, 334 S.C. 557, 560-62, 514 S.E.2d 751 (1999) (holding provision stating any person who employs less than four employees or has total annual payroll during previous calendar year of less than $3,000 is not subject to workers compensation act does not exempt employer who had no payroll in previous year).

Even though the Kansas statute is unique, it must be enforced as written. Here, the Board correctly held Wonderful House was exempt from the Workers Compensation Act under the language set forth in K.S.A. 44-505(a)(3). We agree with the Board. This is a harsh result but a result we are powerless to change without rewriting the statute.

Affirmed.