783 P.2d 813

**Horace COLLINS, Petitioner,**

v.

**The Honorable Alice TRUMAN, a Judge for the Superior Court of the State of Arizona, County of Pima, Respondent,**

and

**The ESTATE OF Ruth COLLINS, Deceased; Carol Scriber, Personal Representative of the Estate of Ruth Collins, Deceased, Real Parties in Interest.**

No. 2 CA–SA 89–0120.

Court of Appeals of Arizona, Division 2, Department A.

Oct. 26, 1989.

Reconsideration Denied Dec. 6, 1989.

Munger and Munger by Clark W. Munger, Tucson, for petitioner.

Miller & Pitt, P.C. by John A. Baade and G. Eugene Isaak, Tucson, for real parties in interest.

HOWARD, Judge.

Petitioner seeks special action relief from the respondent judge's denial of his motion to stay proceedings pursuant to A.R.S. § 14–3202. Because petitioner has no equally plain, speedy, and adequate remedy by appeal and because the issue raised is one of first impression in this state, we accept jurisdiction pursuant to Ariz.R.P. Spec.Action 1, 17B A.R.S., and grant relief.

## FACTS AND PROCEDURAL BACKGROUND

The facts relevant to this special action are as follows. On March 9, 1989, real party in interest Carol Scriber, the daughter of decedent Ruth Collins, filed an application for informal probate of will and appointment of personal representative in Arizona in Pima County Superior Court. Attached to the application was a holographic will executed by Ruth on January 1, 1982, purporting to be her last will and testament. The application alleged that Ruth was domiciled in Arizona at the time of her death.

On or about June 21, 1989, petitioner, Ruth's surviving, though estranged, spouse, filed a Petition for Citation in the Court of Common Pleas of Bucks County Orphan's Court Division in Bucks County, Pennsylvania, appealing the decision of the Register of Wills of Bucks County denying petitioner's June 1989 application for the probate of Ruth's September 1978 last will and testament and appointment of letters testamentary. The petition alleged that Ruth was domiciled in Bucks County, Pennsylvania at the time of her death and that the January 1, 1982 document was wrongfully filed in Pima County Superior Court. The petition further alleged that the January 1982 document was invalid as it was executed at a time when Ruth was not of sound mind or body and as a result of the undue influence of Carol Scriber and Ruth's two sisters. The Pennsylvania court issued a "citation" which was served upon the real party in interest and other interested parties, requesting that they appear and show cause why Ruth's last will and testament should not be probated in Bucks County, Pennsylvania.

On July 3, 1989, Carol Scriber filed a petition for formal probate of will and confirmation of personal representative in Pima County Superior Court, alleging again that at the time of her death, Ruth was domiciled in Arizona. On July 6, 1989, petitioner filed an application for formal probate of will and appointment of personal representative in Pima County Superior Court alleging, in pertinent part, that Ruth was domiciled in Pennsylvania at the time of her death, claiming that the January 1, 1982 document was invalid for the reasons set forth in the Pennsylvania petition and asserting that the September 26, 1978 will should be probated. Petitioner also filed a motion for stay of all proceedings in Arizona pursuant to A.R.S. § 14–3202 which was opposed by Carol Scriber. Oral argument on the motion was held on July 28, 1989. Although Carol Scriber presented testimony regarding Ruth's domicile, petitioner chose not to, stating on the record that the sole issue to be determined was which court should decide where Ruth was domiciled, not the substantive issue itself and that it was not, therefore, the proper time for presenting testimony on the issue.

On September 5, 1989, the respondent judge denied the motion for stay and found that Ruth was domiciled in Arizona at the time of her death. This special action followed seeking relief from both aspects of that order. It appears that while this special action was pending, in response to petitioner's Motion for a New Trial, Amendment of Judgment or Relief from Order filed on October 5, 1989, the respondent judge vacated that portion of her order regarding Ruth's domicile. Petitioner and Carol Scriber concede that petitioner's claim as to the issue of domicile is therefore moot.

## ISSUE PRESENTED

The sole issue raised in this special action is, where conflicting claims as to a decedent's domicile are made in probate proceedings in different states, whether A.R.S. § 14–3202 permits the determination of domicile to be made in this state if an informal, as opposed to a formal, probate

proceeding was commenced here first. For the reasons stated below, we believe that it does not and that the respondent judge therefore acted in excess of her legal authority in denying petitioner's motion.

## DISCUSSION

Section 14–3203 provides as follows:

If conflicting claims as to the domicile of a decedent are made in a formal testacy or appointment proceeding commenced in this state, and in a testacy or appointment proceeding after notice pending at the same time in another state, the court of this state must stay, dismiss or permit suitable amendment in, the proceeding here unless it is determined that the local proceeding was commenced before the proceeding elsewhere. The determination of domicile in the proceeding first commenced must be accepted as determinative in the formal testacy or appointment proceeding in this state.

The so-called golden rule of statutory interpretation is that statutory provisions should be construed in a reasonable, rational, sensible fashion. *Mendelsohn v. Superior Court in and for Maricopa County*, 76 Ariz. 163, 261 P.2d 983 (1953); *Cochise County v. Borowiec*, 162 Ariz. 192, 781 P.2d 1379 (App.1989). Words should be given their plain and ordinary meaning. Legislative intent may serve as guidance in interpreting a statute, especially where a statute may be ambiguous.

We believe that the meaning and intent of § 14–3202 are patently clear. This provision expressly applies to a "formal testacy or appointment proceeding commenced in this state," as distinguished, by implication, from an informal proceeding. It is reasonable to assume that if the legislature had intended the statute to apply to both formal and informal proceedings, it would have said so either by stating that it applied to any testacy or appointment proceeding or by expressly including informal proceedings in the first sentence. According to the plain and, we believe, unambiguous terms of the statute, where proceedings are pending in more than one state, in order for the determination of a decedent's

domicile to be made in this state, a *formal* proceeding must have been commenced in this state before one is commenced in another state. To interpret the statute to mean that an informal proceeding commenced in this state is sufficient, as proposed by the real party in interest, requires a tortuous and unreasonable interpretation of the clear terms of the provision.

Although we believe the statute is clear and unambiguous, assuming there was any uncertainty as to its meaning, our reading of the provision is reinforced by the comments to §§ 3–202 and 3–408 of the Uniform Probate Code (UPC). These provisions of the UPC are identical to the parallel Arizona provisions. Section 3–408, the provision parallel to § 14–3408, provides that:

[A] final order of a court of another state determining testacy, the validity or construction of a will, made in a proceeding involving notice to and an opportunity for contest by all interested persons must be accepted as determinative by the courts of this state if it includes, or is based upon, a finding that the decedent was domiciled at his death in the state where the order was made.

The comment to § 3–202, the provision parallel to § 14–3202, points out the interrelationship between the two provisions:

Section 3–408 dealing with the effect of adjudications in other states concerning testacy supports the same general purpose to use domiciliary law to unify succession of property located in different states.

The comment to § 3–408 distinguishes between the recognition that should be given to determinations in formal as opposed to informal proceedings.

Informal proceedings by which a will is probated or a personal representative is appointed are not proceedings which must be respected by a local court under either § 3–202 or this section.

In the instant case, the first proceeding commenced was the informal proceeding begun in Arizona by Carol Scriber in March 1989. The next proceeding was commenced by petitioner in Pennsylvania in June. It is apparently undisputed that the real party in interest had notice of this proceeding. In the motion below, petitioner contended that although Pennsylvania has not adopted the UPC, the proceeding in that state is comparable to a formal proceeding here. This assertion was not contested below nor has the real party in interest disputed it in this special action. Thus, we assume this to be true and that, therefore, the Pennsylvania proceeding was the first formal proceeding commenced, followed by the formal petitions subsequently filed in Arizona. If the proceeding begun in Pennsylvania were an informal proceeding, the petition for formal probate of will and reconfirmation of personal representative filed by Carol Scriber would have been the first formal proceeding commenced and the domicile issue could properly be determined in Arizona. The denial of the motion to stay further proceedings in Arizona under those circumstances would have been proper. However, just as an Arizona court need not defer to a sister state in which an informal proceeding had previously been filed, an Arizona court may not require that its first-filed informal proceeding be given precedence over a formal proceeding initiated elsewhere. Indeed, the statute expressly applies, as we have stated, to formal proceedings. Under the facts of this case, the request for a stay under § 14–3202 should have been granted so that Ruth's domicile at the time of her death may be determined in the Pennsylvania proceedings.

Although the real party in interest's argument that the application of the provision here results in inappropriate forum shopping is well taken, we do not believe any other conclusion is justified under the clear terms of the statute. The respondent judge's denial of petitioner's motion is vacated and the cause is remanded for further proceedings consistent with this opinion.

ROLL, P.J., and HATHAWAY, J., concur.