23354

Marie H. McSWAIN, Respondent v. Shink SHEI, Individually, and as President of Go Sport, Inc., and Go Sport, Inc., a Corporation, Appellants.

(402 S.E. (2d) 890)

Supreme Court

*Wade E. Ballard* and *Kevin Sturm,* both of *Edwards, Ballard, Bishop, Sturm and Clark, P.A.,* Spartanburg, *for appellants.*

*Franklin S. Henson,* Spartanburg, *for respondent.*

Heard April 4, 1990.

Decided Feb. 25, 1991.

TOAL, Justice:

The dispositive issue in this case is whether an employee may maintain a common law action for intentional infliction of emotional distress against her employer. We conclude that when an employee alleges sufficient facts to support a cause of

action for an intentional infliction of emotional distress, the action is not barred by the exclusivity provision of the Workers' Compensation laws and therefore affirm.

## FACTS

Marie McSwain filed this action against her employer, Shink Shei and Go Sport, Inc. ("Go Sport") alleging that she had been required to perform exercises which aggravated a bladder problem causing her to lose control of her bladder. In her Complaint, she alleges that Go Sport's actions constitute intentional infliction of emotional distress and that such actions caused McSwain emotional distress and further aggravated her physical condition.

Specifically, McSwain alleges that she became ill in November 1987 and that she informed Shink Shei of the extent of her illness. On December 7, she was informed by her doctor that she needed to have bladder surgery. When she informed Mr. Shei of her need for surgery, she was told by him that her surgery would have to be postponed and she would have to work the last three weeks of December or be fired. McSwain was also told by Shink Shei that she would have to participate in daily exercises or she would be fired. Performance of the group exercises and delay of her bladder surgery caused McSwain to lose control of her bladder. McSwain alleges that Shink Shei forced her to continue the exercises repeatedly even though he knew of the problems it caused her and that her physician had advised against the performance of such exercises.

Go Sport answered and counterclaimed. Go Sport also moved for summary judgment on the grounds that the trial court did not have subject matter jurisdiction because McSwain's claims are governed exclusively by South Carolina workers' compensation laws.

The trial judge denied the motion for summary judgment on the grounds that McSwain had alleged a cause of action for intentional infliction of emotional distress which would remove the action from the exclusive jurisdiction of the Workers' Compensation Commission.

Go Sport filed this appeal challenging the denial of summary judgment. We affirm the lower court.

## DISCUSSION

Exclusive jurisdiction over disputes between employees and employers for injuries occurring during and in the course of employment lies within the Workers' Compensation Commission. Section 42-1-540 bars all common law actions against an employer where an employee's personal injury comes within the Act. Section 42-1-160 defines "injury" and "personal injury" as an ". . . injury by accident arising out of and in the course of employment. . . ." Therefore, to be compensable, the injury must (1) be an accident; (2) arise out of employment and (3) arise in the course of employment. If the injury is compensable, the Act provides the exclusive remedy.

The dispute in this case revolves around whether the jury was the result of an "accident."

The right to bring an action against the employer for an injury resulting from an intentional tort rather than an accident was recognized by this Court in *Stewart v. McLellan's Stores Co.*, 194 S.C. 50, 9 S.E. (2d) 35 (1940). In *Stewart*, this Court held that an intentional assault and battery by an employer on an employee, where no physical disability had been suffered is not an "accident" within the terms of the Workers' Compensation Act so as to preclude recovery at common law.

Here, McSwain alleged that her injury resulted from the intentional infliction of emotional distress by her employer. The trial court found that McSwain had alleged sufficient facts to prove the four elements of this tort as set forth in *Ford v. Hutson*, 276 S.C. 157, 276 S.E. (2d) 776 (1981):

(1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct;

(2) the conduct was so "extreme and outrageous" as to exceed "all possible bounds of decency" and must be regarded as "atrocious, and utterly intolerable in a civilized community";

(3) the actions of defendant caused the plaintiff's emotional distress; and

(4) the emotional distress suffered by the plaintiff was "severe" so that "no reasonable man could be expected to endure it."

The facts, viewed in the light most favorable to the plaintiff, show that the defendants, with knowledge of the plaintiff's pre-existing bladder problems, intentionally and repeatedly forced her to participate in daily exercises against the advice of her physician. This was observed by others who participated in the exercises, as well as bystanders. These mandated exercises caused her great embarrassment because of various symptoms that were demonstrated, such as bladder incontinence. The jury could find that this conduct, even in the workplace environment, is outrageous and intolerable in a civilized society and awarded damages appropriately.

Based upon this finding, the trial judge denied Go Sport's motion for summary judgment.

Go Sport argues that the denial of summary judgment was improper because the exception to the exclusivity of workers' compensation jurisdiction established in *Stewart* only applies to actions involving an intentional assault and battery where the employee suffers no physical disability. We disagree. Here, the tort was the intentional infliction of emotional distress and McSwain alleged that she had suffered some physical injuries.

The exception to the exclusivity provision is based upon the nature of the act that caused the injury—whether it was intentional or accidental. Only injuries caused by an "accident" are within the jurisdiction of the Commission. Intentional infliction of emotional distress is not an "accident." "[T]he employer will not be heard to allege that the injury was "accidental" and therefore was under the exclusive provisions of the Workmen's Compensation Act, when he himself intentionally committed the act." 2A Larson, *The Law of Workmen's Compensation* § 68-11 (1989). A common law cause of action will not be barred by the exclusivity provisions when the employer manifests a deliberate intent to injure the employee. This exception is applicable to the intentional infliction of emotional distress. In *Stewart*, we recognized that an employee can maintain a common law action for the employer's intentional assault and battery. We extend that rule to allow actions for the intentional infliction of emo-

tional distress. As this is the only type of tort which is involved in this case, we express no opinion as to the application of the exception to other intentional torts.

We are mindful that the purpose of the Compensation Act is to afford benefits of compensation to those injured. The swift and sure payment of these benefits is paid by the owner of the business in return for immunity from tort actions by the employee. This approach has advantaged society as well as the employer and employee. We do not want this balance upset. However, we do not believe that the compensation laws were enacted to protect an employer where he deliberately and intentionally inflicts such outrageous actions upon an employee to cause him emotional distress.

Furthermore, we reject the notion that the tort action must be barred just because some physical injury results from the employer's intentional act. While we recognize that some other jurisdictions have limited common law actions to those which do not involve physical injuries, we believe that the focus of the injury should be on the intentional and outrageous nature of the act rather than the resulting injuries.

Finally, we reject Go Sport's contention that the trial court ruled that the question of subject matter jurisdiction should be submitted to the jury.

It is a question of law for the court to determine, from the materials before it, whether the conduct complained of may reasonably be found to be sufficiently outrageous as to permit recovery. Restatement (Second) of Torts, § 46 comment (h) 1965. However, once conduct is shown which may be reasonably regarded as extreme and outrageous, it is for the jury to determine, upon proper instructions, whether the conduct complained of is, in fact, sufficiently extreme and outrageous to result in liability. *Id.*

Therefore, once the trial court determined that sufficient facts were alleged upon which a jury could reasonably find the conduct to be intentional and outrageous, Go Sport's motion for summary judgment was properly denied.

In sum, we hold that the exclusivity provision of the workers' compensation laws does not bar a common law action against an employer for intentional infliction of emotional distress. We caution the bench and bar, however, that an employee may not recover under workers' compensation and at

common law. The intentional and outrageous nature of the act removes it from the realm of an "accidental" injury.

For the reasons discussed above, the lower court is affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.