23933

Van PEAY and Harriet Peay, Plaintiffs v.
U.S. SILICA COMPANY, Defendant.

(437 S.E. (2d) 64)

Supreme Court

*A. Camden Lewis* and *William R. Calhoun, Jr.*, both of *Lewis, Babcock and Hawkins*, Columbia, *for appellant.*

*R. Bruce Shaw* and *W. Thomas Causby,* both of *Nelson, Mullins, Riley and Scarborough,* Columbia, *for defendant.*

Heard June 7, 1993.

Decided Sept. 20, 1993.

HARWELL, Chief Justice:

Pursuant to Rule 228, SCACR, the following question has been certified to this Court by the United States District Court for the District of South Carolina:

> When a statutory employee has drawn benefits under the Workers' Compensation System, can an "owner" as defined by S.C. Code Ann. section 42-1-400, who has intentionally exposed that statutory employee to a hazardous substance that was substantially certain to cause the employee harm, claim the protection of the exclusive remedy provision of the Workers' Compensation System, or would the holding of *Woodson v. Rowland*, 329 N.C. 330, 407 S.E. (2d) (1991), be applied, allowing the employee to also bring suit at common law for intentional tort against the owner?

## I. *FACTS*

Plaintiff Van Peay (Peay) was an electrician employed by A & P Electrical Service, Inc. from 1965 to 1981 and by Hobgood Electric machinery Company (Hobgood) from 1981 to 1983. U.S. Silica Company (U.S. Silica) contracted with these businesses to have Peay install, service, and maintain electrical lines and equipment at the U.S. Silica sand mining plant in Columbia. Peay worked primarily in the mill building at U.S. Silica's plant, an area of high risk for exposure to fine particles of sand and silica dust. U.S. Silica knew that unprotected and extensive exposure to respirable silica dust was hazardous and could, under certain circumstances, cause personal injury to some people. To guard against this danger, U.S. Silica posted signs warning that respirators were required in certain areas and provided respirators to its employees. In addition, U.S. Silica monitored its employees' exposure to silica dust and provided regular x-rays and pulmonary function tests to screen for early signs of silicosis. Peay, however, was not provided with a respirator, received no medical tests, and was not monitored for exposure to silica dust.

Peay contracted silicosis and received workers' compensation benefits for that condition from Hobgood's insurance car-

rier. Subsequently, Peay filed this action, alleging U.S. Silica was substantially certain that exposure to silica dust would injure him. U.S. Silica removed the case to federal court based on diversity of citizenship and then filed for summary judgment, claiming that workers' compensation was Peay's exclusive remedy. As a result of that motion, the aforementioned question was certified to this Court.

## II. *DISCUSSION*

The exclusivity provision of The South Carolina Workers' Compensation Law, S.C. Code Ann. § 42-1-540 (1985), provides:

> The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death *by accident*, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death. . . . (Emphasis added.)

It is well settled that a common law cause of action is not barred by section 42-1-540 if the employer acted with a deliberate or specific intent to injure the employee. *McSwain v. Shei*, 304 S.C. 25, 402 S.E. (2d) 890 (1991) (intentional infliction of emotional distress); *Stewart v. McLellan's Stores Co.*, 194 S.C. 50, 9 S.E. (2d) 35 (1940) (malicious assault and battery). *See also* 2A *Larson's Workmen's Compensation Law* § 68.10 (1993) (hereinafter "Larson's"). Peay argues that injuries which are "substantially certain" to result from an employer's act also should fall within the intentional injury exception to section 42-1-540. We disagree.

"Intent" is a state of mind about the consequences of an act. *See* W. Keeton, D. Dobbs, R. Keeton, & D. Owen, *Prosser and Keeton on the Law of Torts*, § 8 (5th ed. 1984 & Supp. 1988). In its most narrow sense, "intent" denotes an actor's specific desire to cause the consequences of his act. *See Restatement (Second) of Torts* § 8A (1965). However, "intent" may be construed more broadly to include consequences which are not desired. Where an actor knows that consequences are sub-

stantially certain to result from his act and still goes ahead, he is treated by the law as if he had in fact desired to produce the result. *Id.* and comment b. With these differing interpretations of "intent" in mind, we turn to the question whether the intentional injury exception to section 42-1-540 includes injuries that are substantially certain to result from an employer's act.

When construing a statute, the Court must ascertain and effectuate the actual intent of the Legislature. *Horn v. Davis Elec. Constructors, Inc.*, 307 S.C. 559, 416 S.E. (2d) 634 (1992). Workers' compensation laws were intended by the Legislature to relieve workers of the uncertainties of a trial for damages by providing sure, swift recovery for workplace injuries regardless of fault. *Cokeley v. Robert Lee, Inc.*, 197 S.C. 157, 14 S.E. (2d) 889 (1941). To give effect to this legislative intent, workers' compensation statutes are construed liberally in favor of coverage. *Mauldin v. Dyna-Color/Jack Rabbit*, 308 S.C. 18, 416 S.E. (2d) 639 (1992). It follows that any exception to workers' compensation coverage must be narrowly construed. Giving the intentional injury exception to section 42-1-540 its most narrow construction, we find only those injuries inflicted by an employer who acts with a deliberate or specific intent to injure are exempted from the exclusive remedy of workers' compensation coverage.[1] *Accord* 2A *Larson's*, § 68.13. Consequently, we decline to follow North Carolina's adoption of the substantial certainty standard articulated in *Woodson v. Rowland*, 329 N.C. 330, 407 S.E. (2d) 222 (1991).

Certified question answered.

CHANDLER, FINNEY, MOORE, JJ., and RANDALL T. BELL, Acting Associate Justice, concur.

---

[1] The same standard also would apply to injuries intentionally inflicted by a co-employee. *See Dickert v. Metro. Life Inc. Co.*, — S.C. —, 428 S.E. (2d) 700 (1993).