14 F.3d 593
 9 IER Cases 1792
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kay W. BRYANT, Plaintiff-Appellant,
v.
INA BEARING COMPANY, INCORPORATED, Defendant-Appellee.
 No. 93-1663.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 10, 1993.
Decided Dec. 22, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, District Judge. (CA-91-2043)
 Kay W. Bryant, appellant pro se.
 Katherine Dudley Helms, HAYNSWORTH, BALDWIN, JOHNSON & GREAVES, Columbia, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Kay W. Bryant filed a civil action seeking compensatory and punitive damages, alleging that during her employment with the Defendant, employees of the Defendant inflicted severe emotional distress on her. The case was tried before a jury, who returned a verdict for Bryant,[1] but was unable to reach a verdict on the issue of damages. Bryant moved for entry of judgment by the district court. Defendant opposed the motion and moved for a mistrial. The district court granted the motion for mistrial, and the case was reset for a jury trial.
 
 
 2
 Defendant then filed a Motion to Reconsider Denial of Rule 50 Motion for Judgment as a Matter of Law, based on the South Carolina Supreme Court decision in Dickert v. Metropolitan Life Ins. Co., 428 S.E.2d 700 (S.C.1993) ("Dickert II "), which was decided after the district court denied the summary judgment motion and before Defendant filed its motion for reconsideration of judgment as a matter of law. Based on the recent pronouncement by the South Carolina Supreme Court in Dickert II, the district court granted Defendant's motion for judgment as a matter of law, and dismissed Bryant's case, concluding that Bryant's exclusive remedy is the South Carolina Workers' Compensation Act.
 
 
 3
 Bryant timely appealed, asserting that the district court erred in applying Dickert II to dismiss her claim when the case had not yet been decided when Bryant's case went to the jury.[2] We affirm the order of the district court.
 
 
 4
 The South Carolina Workers' Compensation Act provides the exclusive remedy for employees who sustain work related injuries. S.C.Code Ann. Sec. 42-1-540 (Law. Co-op.1985) ("the Act"). This statute provides:
 
 
 5
 The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee ... as against his employer, at common law or otherwise, on account of such injury, loss of service or death.
 
 
 6
 South Carolina case law is clear that only when the tortfeasor/co-employee is the "alter ego" of the employer may liability be had outside the ambit of the Act. Dickert II, at 701; Thompson v. J.A. Jones Constr. Co., 19 S.E.2d 226 (S.C.1942); Stewart v. McLellan's Stores Co., 9 S.E.2d 35 (S.C.1940). Otherwise, an employee's action against a company for the intentional infliction of emotional distress by a co-worker is within the scope of the Act. Loges v. Mack Trucks, Inc., 417 S.E.2d 538 (S.C.1992). In Dickert II, the South Carolina Supreme Court refused to expand the definition of "alter ego" beyond "dominant corporate owners and officers," holding that supervisory employees, such as office managers, are not alter egos of a company. Dickert II, at 701; see also 2A A. Larson, Workmen's Compensation, Secs. 68.21 (1990) (drawing distinction between employers and supervisory employees such as foremen).
 
 
 7
 Under Dickert II, the key inquiry is whether the employees who intentionally inflicted emotional distress on Bryant were alter egos of the Defendant. If so, Bryant's cause of action may proceed at common law and the district court's grant of Defendant's motion for judgment as a matter of law was in error. If the tortfeasors were not alter egos of the Defendant, Bryant's action is barred by the exclusivity provisions of the Act, and her sole remedy is under the Act.
 
 
 8
 In her memorandum in opposition to Defendant's motion for judgment as a matter of law Bryant has asserted that Ed Marze, the second shift superintendent for the INA plant, was the alter ego of the Defendant because company policy provided that sexual harassment incidents would be reported to supervisory employees. She further asserted that once Bryant informed Marze of her emotional injuries, the Defendant had imputed knowledge and acquiesced in the harassment. In light of the South Carolina Supreme Court's clear pronouncement in Dickert II that only "dominate corporate owners and officers" are alter egos, and the court's specific refusal to extend the alter ego definition to include supervisory employees, we find that the district court properly concluded that Marze was not an alter ego of the Defendant.
 
 
 9
 Bryant contends that the district court improperly applied Dickert II to her case after the jury had rendered a decision as to liability. The essence of her assertion is whether the judicial holding in Dickert II regarding alter egos should be applied retroactively. The South Carolina Supreme Court has held that where the retroactivity issue has not been previously decided, as here, application of the three-element test set forth in Chevron Oil Co. v. Huson, 404 U.S. 97, 106-07 (1971), is proper in deciding this issue. Bass v. South Carolina, 414 S.E.2d 110, 115 (S.C.1992).[3] We have applied the elements of the Chevron Oil test to the applicable holding in Dickert II.
 
 
 10
 Longstanding South Carolina decisions have held that the Act may not be used to protect an employer, acting through an alter ego, from liability for intentional injurious conduct. McSwain v. Shei, 402 S.E.2d 890 (S.C.1991); Stewart v. McLellan's Stores Co., 9 S.E.2d 35 (S.C.1940). The decision in Dickert II merely refused to expand the types of employees whose actions may be considered actions of the employer; it did not create a new legal rule which would render retroactive application inequitable. Consequently, we find that this definition in Dickert II was properly applied retroactively in this case, and we affirm the district court's order.[4]
 
 
 11
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 The jury found that Bryant established her right to recover compensatory, but not punitive, damages
 
 
 [2]
 While Bryant was represented by counsel throughout the district court proceedings, she is proceeding pro se on appeal
 
 
 [3]
 In Chevron Oil, the United States Supreme Court held that a decision will be prospectively applied where it displaces a legal principal on which reliance may reasonably have been placed, and where the prospective nature is on balance warranted by its effect on the operation of the new rule and by the inequities that might otherwise result from retroactive application
 
 
 [4]
 We note that affirming the dismissal leaves Bryant with the opportunity to pursue her cause of action with the South Carolina Workers' Compensation Commission