2341

In the ESTATE OF Yvonne GUIDE, Appellant
v. Jacqueline A. SPOONER, Respondent
(457 S.E. (2d) 623)

Court of Appeals

*J.R. Murphy* and *Kenneth B. Wingate, Sweeny, Wingate,*

*Murphy, & Barrow,* Columbia, *for appellant.*

*James B. Richardson, Jr., Svalina, Richardson & Smith,* Columbia, *for respondent.*

Heard Mar. 9, 1995.

Decided May 1, 1995.

CURETON, Judge:

Jacques Frank Sohn appeals from the order of the circuit court affirming a probate court order that found his mother, Yvonne Sohn Revelli Guide (decedent), was domiciled in Beaufort County at her death and admitting to probate her will of July 22, 1986. Sohn contends the Beaufort County Probate Court erred when it held it had jurisdiction to probate decedent's will when a formal testacy proceeding had already commenced in the State of New York. We agree and reverse.

The decedent died on January 6, 1990 in South Carolina. On October 31, 1988, fourteen months prior to her death, the Beaufort County Probate Court appointed Jacqueline A. Spooner, decedent's granddaughter and Sohn's niece, guardian for decedent and Hilton Head Bank and Trust as conservator. No appeal was taken from these appointments. During this proceeding, the probate court determined the decedent was a domiciliary of South Carolina.

On January 9, 1990, Sohn filed an ex parte application for Informal Appointment as Personal Representative of decedent's estate, and petitioned to be appointed Special Administrator so he could take possession of an inventory decedent's asset in South Carolina.[1] On the petition form, Sohn indicated decedent was a domiciliary of South Carolina. The probate court granted the petition.

On February 1, 1990, Sohn notified the Beaufort County Probate Court that he wished to probate his mother's estate in New York as he contended his mother was a domiciliary of New York.[2] On the following day, February 2, 1990, Sohn filed

---

[1] The decedent lived in New York until 1988 and had assets there.

[2] Sohn contends his attorney who filled out the application for Appointment of Special Adminstrator mistakenly checked the box on the application which indicted the decedent was domiciled in South Carolina on the date of her death. Consequently, his attorney pointed out the mistake to the Probate Court Judge and advised the court that Sohn had decided to probate his mother's estate in New York.

a formal testacy proceeding and Application for Preliminary Letters Testamentary in Nassau County, New York. The Nassau County Probate Court issued Sohn Preliminary Letters Testamentary in Nassau County, New York. The Nassau County Probate Court issued Sohn Preliminary Letters Testamentary on February 8, 1990. Several months later on July 20, 1990, Spooner petitioned the Beaufort County Probate Court for formal testacy of and formal appointment as personal representative under a later will of decedent. The Beaufort County Probate Court refused to transfer the case to New York finding decedent to be a domiciliary of South Carolina and, therefore, finding it had exclusive jurisdiction to probate the decedent's estate pursuant to S.C. Code Ann. § 62-3-210 (1987).

On appeal, Sohn argues since the proceeding filed in New York was the first "formal testacy or appointment proceeding," the Beaufort County Probate Court must stay or dismiss the probate proceeding filed in that court pending the determination of domicile by the New York Surrogate's Court pursuant to S.C. Code Ann. § 62-3-202 (1987) which provides:

> If conflicting claims as to the domicile of a decedent are made in a formal testacy or appointment proceeding commenced in this State, and in a testacy or appointment proceeding after notice pending at the same time in another state, the court of this State must stay, dismiss, or permit suitable amendment in, the proceeding here unless it is determine that the local proceeding was commenced before the proceeding elsewhere. The determination of domicile in the proceeding first commenced must be accepted as determinative in the proceeding in this State. (Emphasis added.)

Sohn asserts this statute requires all South Carolina proceedings to be stayed because formal testacy proceedings to be stayed because formal testacy proceedings commenced in New York prior to the commencement of formal testacy proceedings in South Carolina. We agree.

One of the rules of statutory interpretation is that words of a statute should be accorded their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Ander-*

*son v. State Farm Mut. Auto Ins. Co.*, 314 S.C. 140, 442 S.E. (2d) 179 (1994). The meaning of § 62-3-202 is clear. This provision expressly applies to a "formal testacy or appointment proceeding commenced in this state" as opposed to an informal proceeding. It is reasonable to assume that if the legislature had intended the statute to apply to both formal and informal proceedings, it would have said so either by stating that it applied to any testacy or appointment proceeding, or by expressly including informal proceedings in the first sentence. According to the plain and unambiguous terms of the statute, where proceedings are pending in this and another state, in order for this state to determine decedent's domicile a formal proceeding must have been commenced in this state before the one commenced in the other state. *See Collins v. Truman*, 162 Ariz. 367, 783 P. (2d) 813 (Ct. App. 1989) (the Arizona court analyzes the parallel section of the Arizona probate code under remarkably similar facts).

Furthermore, an analysis of the comments to § 3-202 and § 3-408 of the Uniform Probate Code (U.P.C.), which contain the identical language of the corresponding sections of the South Carolina Probate Code (S.C.P.C.), reaffirm our interpretation. *See* Uniform Probate Code (U.L.A.) §§ 3-202; 3-408 (1983). The comments to § 3-202 state:

> This section [3-202] is designed to reduce the possibility that conflicting findings of domicile in two or more states may result in inconsistent administration and distribution of parts of the same estate. Section 3-408 dealing with the effect of adjudications in other states concerning testacy supports the same general purpose to use domiciliary law to unify succession of property located in different states. U.P.C. § 2-202, Cmt.

Section 3-408 of the U.P.C. provides:

> A final order of a court of another state determining testacy, or the validity of a will made in proceeding involving notice to and an opportunity for contest by all interested persons, must be accepted as determinative by the courts of this State if it includes, or is based upon, a finding that the decedent was domiciled at his death in the state where the order was made.

Section 3-408 of the U.P.C. provides:

> A final order of a court of another state determining testacy, or the validity of a will made in a proceeding involving notice to and an opportunity for contest by all interested persons, must be accepted as determinative by the courts of this State if it includes, or is based upon, a finding that the decedent was domiciled at his death in the state where the order was made.

The comment to § 3-408, the provision parallel to S.C. Code Ann. § 62-3-408 (1987), further describes the relationship between the two statutes. It states "informal proceedings, by which a will is probated or a personal representative is appointed, are not proceedings which must be respected by a local court under either § 3-202 or this section." U.P.C. § 3-408, Cmt.

In the case at bar, the first proceeding commenced was the informal proceeding begun in South Carolina by Sohn on January 9, 1990. The next proceeding was the formal testacy proceeding begun by Sohn in New York February 2, 1990. Spooner received notice of the New York filing through her attorney. Only later, on July 20, 1990, did Spooner file in South Carolina for formal proceedings.

Clearly, formal proceedings were first commenced in New York, and, therefore, New York is the proper jurisdiction to determine the decedent's domicile. If the proceedings begun in New York had been merely informal, then Spooner's July 1990 filing would have been the first formal proceedings commenced, and the probate court's order refusing to stay further proceedings in South Carolina would have been proper. However, just as a South Carolina probate court need not defer to a sister state in which an informal proceeding has been previously filed, our probate court may not require that its informal proceedings, even if filed prior to the foreign court's formal proceedings, take precedence. See S.C. Code Ann. § 62-3-408 (1987).

Despite the obvious argument that out interpretation may give rise to improper forum shopping, we are bound by the clear language of the statute. Therefore, the probate court erred in refusing Sohn's motion to stay South Carolina proceedings pending the outcome of the previously filed New York testacy proceedings.

Accordingly, the order of the trial court is reversed. Having determined the probate court should have stayed its proceedings, we need not address Sohn's other ground for reversal.

Reversed.

FINNEY, C.J., and CONNOR, J., concur.