483 S.E.2d 197

Frank N. GASTER, Appellant,

v.

Parker EVATT, Commissioner, South Carolina Department of Corrections, and Michael Cavanaugh, Commissioner, South Carolina Department of Probation, Parole and Pardon Services, Respondents.

No. 24587.

Supreme Court of South Carolina.

Heard Feb. 5, 1997.

Decided March 10, 1997.

James B. Richardson, Jr., of Svalina, Richardson & Larson, Columbia, for appellant.

34

L. Hunter Limbaugh, of Willcox, McLeod, Buyck & Williams, Florence, for respondent Evatt.

Carl N. Lundberg, Chief Legal Counsel, of South Carolina Department of Probation, Parole and Pardon Services, Columbia, for respondents Cavanaugh and South Carolina Department of Probation, Parole and Pardon Services.

FINNEY, Chief Judge.

■ This is a statutory construction case. The issue is whether appellant's 1988 conviction for a violation of S.C.Code Ann. § 16–3–655(3) (1986) is properly classified as a violent offense under S.C.Code Ann. § 16–1–60 (1986 and Supp.1996). The circuit court held that it was, and appellant has appealed. We affirm.

At the time appellant committed this offense and was convicted, § 16–1–60 read:

For purposes of definition under South Carolina law a violent crime includes the offenses of murder, criminal sexual conduct in the first and second degree, assault and battery with intent to kill, kidnapping, voluntary manslaughter, armed robbery, drug trafficking as defined in Section 44–53–370(3), arson in the first degree, burglary in the first degree, and burglary in the second degree under Section 16–11–312(B). (emphasis added).

Appellant was convicted of violating § 16–3–655(3), which reads:

A person is guilty of criminal sexual conduct in the second degree if the actor engages in sexual battery with a victim who is at least fourteen years of age but who is less than sixteen years of age and the actor is in a position of familial, custodial, or official authority to coerce the victim to submit or is older than the victim. (emphasis added).

In addition to this statute defining second degree Criminal Sexual Conduct (CSC) as a sexual battery between a minor and a person of authority or older person, other statutory provisions define second degree CSC as a sexual battery with a victim between the ages of eleven and fourteen [§ 16–3–655(2) (1985) ], or a sexual battery accomplished by the use of aggravated coercion. S.C.Code Ann. § 16–3–653(1) (1985).

■■■■ Appellant argues that the legislature did not *intend* to include second degree CSC with a minor in the 1986 version of the violent crimes statute. We need not "divine" intent when statutory language is clear and unambiguous, but instead need simply apply the statute's literal language. *E.g., State v. Blackmon,* 304 S.C. 270, 403 S.E.2d 660 (1991). Under the clear and unambiguous language of § 16–3–655(3), appellant was convicted of second degree CSC.[1]

The 1986 version of the classification statute did not distinguish between the three second degree CSC statutes. In contrast, the language at the end of § 16–1–60, classifying only one statutory definition of second degree burglary as violent, shows that the Legislature recognized crimes of the same name could be committed in different ways, and that it could and did distinguish between the different forms for classification purposes when it intended to. The statutory language of the 1986 version of § 16–1–60 is clear and unambiguous: second degree CSC is a violent offense.

In 1993 the General Assembly amended the classification statute. 1993 Act No. 184, § 8. In this amendment, the Legislature added specific statutory references to the crimes named in § 16–1–60, and for the first time separately listed CSC with a minor as a named offense, with reference to that specific statute. We find this amendment does not evidence the addition of CSC with a minor as a new offense to the violent crimes list, but instead is simply a housekeeping matter. Once § 16–1–60 was amended to add references to the definitional statutes, it was logical to separate the different CSCs so that each named crime in § 16–1–60 is aligned with a single statutory definition.

Our decision today is consistent with 1991 Op.Atty.Gen. 91–46, p. 118. We find that appellant's 1988 conviction for a violation of § 16–3–655(3) is properly classified as a violent

---

1. To the extent appellant's argument relies on the fact that § 16–3–655 is captioned "Criminal Sexual Conduct with Minors", it also fails. The title of a statute is "of use only when [it] shed[s] light on some ambiguous word or phrase ... but [it] cannot undo or limit what the text makes plain." *Garner v. Houck,* 312 S.C. 481, 435 S.E.2d 847 (1993).

offense pursuant to § 16–1–60. Accordingly, the circuit court's order is

**AFFIRMED.**

TOAL, MOORE, and BURNETT, JJ., and JOHN W. KITTREDGE, Acting Associate Justice, concur.