493 S.E.2d 103

**Ric LESTER, d/b/a Fair Play Video, Appellant,**

**v.**

**SOUTH CAROLINA WORKERS' COMPENSATION COMMISSION, Respondent.**

**No. 2733.**

Court of Appeals of South Carolina.

Submitted Sept. 9, 1997.

Decided Oct. 6, 1997.

Rehearing Denied Nov. 20, 1997.

Alex B. Cash, of Rosen, Rosen & Hagood, Charleston, for appellant.

Janet Godfrey Wilson, of S.C. Workers' Compensation Commission, Columbia, for respondent.

CURETON, Judge.

Ric Lester appeals from an order of the South Carolina Workers' Compensation Commission (Commission), affirmed by the circuit court, finding he violated the South Carolina Workers' Compensation Act (Act), by failing to maintain workers' compensation coverage for his employees. We affirm.[1]

### *Facts*

In November 1992, Lester opened a video casino in Charleston, South Carolina. Lester did not hire any employees during 1992 and had no payroll for that year. Beginning in January 1993, he employed a series of "rollover" and temporary employees.

Diane Elizabeth Smith began working at Lester's video casino in April of 1993. During the time Smith worked at the

---

[1]. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

casino, Lester employed at least four persons. Smith was shot during a robbery that occurred at the casino on May 8, 1993. She made a claim for workers' compensation benefits.

The Commission directed Lester to appear and show cause why he should not be found in violation of the provisions of the Act for failing to maintain workers' compensation insurance during the period of February 1, 1993 until May 26, 1994. At the hearing on the rule to show cause, Lester argued that, pursuant to S.C.Code Ann. § 42–1–360(2) (1985), he was exempt from the provisions of the Workers' Compensation Act throughout 1993. The single commissioner disagreed and found Lester responsible for claims arising from any compensable accident occurring during the period in question. The full commission and the circuit court affirmed the single commissioner's decision.

### *Standard of Review*

In an appeal from the Commission, the circuit court and this court may not substitute our judgment for that of the Commission as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law. S.C.Code Ann. § 1–23–380(A)(6) (1996); *Stephen v. Avins Constr. Co.*, 324 S.C. 334, 478 S.E.2d 74 (Ct.App.1996). *See Lyles v. Quantum Chem. Co. (Emery)*, 315 S.C. 440, 434 S.E.2d 292 (Ct.App.1993). This court may find facts in accordance with the preponderance of the evidence when determining jurisdictional questions. *Kirksey v. Assurance Tire Co.*, 314 S.C. 43, 443 S.E.2d 803 (1994).

In this case, the issue of interpretation of the statute is a question of law for the court. *Charleston County Parks and Recreation Comm'n v. Somers*, 319 S.C. 65, 459 S.E.2d 841 (1995) (the determination of legislative intent is a matter of law).

### *Discussion*

Lester argues that he was exempt from the requirements of the Act in 1993 because his payroll was less than $3,000 in 1992. We disagree.

South Carolina Code Ann. § 42–1–360 (1985) provides, in pertinent part, that the Act shall not apply to:

(2) Any person who has regularly employed in service less than four employees in the same business within the State or who had a total annual payroll during the previous calendar year of less than three thousand dollars regardless of the number of persons employed during that period.

Here, the single commissioner, while recognizing the language of § 42–1–360(2) is "apparently unequivocal," determined that the section does not apply under the facts of this case. Specifically, the commissioner found:

I find as a fact that despite the apparently unequivocal meaning of S.C.Code Ann. § 42–1–360(2) (1985), the Legislature could not have intended the plainly absurd result which would be the consequence of literal application of the language of the section. Clearly, S.C.Code Ann. § 42–1–360(2) (1985) does not apply in this situation. The intent of the law is for a business with more than four [sic] employees to exist an *entire* year with a payroll of less than $3,000.00 to be exempt from the Workers' Compensation Act. (Emphasis original).

■ The primary concern in interpreting a statute is to ascertain and effectuate legislative intent if it reasonably can be discovered in the language when construed in light of its intended purpose. *Whitner v. State,* 326 S.C. 39, 492 S.E.2d 777 (1996); *Spartanburg County Dep't of Social Servs. v. Little,* 309 S.C. 122, 420 S.E.2d 499 (1992); *Singletary v. South Carolina Dep't of Educ.,* 316 S.C. 153, 447 S.E.2d 231 (Ct.App.1994). All rules of statutory construction are subservient to the one that legislative intent must prevail if it can reasonably be discovered in the language used. *Kiriakides v. United Artists Communications, Inc.,* 312 S.C. 271, 440 S.E.2d 364 (1994); *Dumas v. InfoSafe Corp.,* 320 S.C. 188, 463 S.E.2d 641 (Ct.App.1995). If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning. *Paschal v. State Election Comm'n,* 317 S.C. 434, 454 S.E.2d 890 (1995); *Carolina Power & Light Co. v. City of Bennettsville,* 314 S.C. 137, 442 S.E.2d 177 (1994); *Holley v.*

*Mount Vernon Mills, Inc.,* 312 S.C. 320, 440 S.E.2d 373 (1994). However, if the language of an act gives rise to doubt or uncertainty as to legislative intent, the construing court may search for that intent beyond the borders of the act itself. *The Lite House, Inc. v. J.C. Roy, Co.,* 309 S.C. 50, 419 S.E.2d 817 (Ct.App.1992). Indeed, "[h]owever plain the ordinary meaning of the words used in a statute may be, the courts will reject that meaning when to accept it would lead to a result so plainly absurd that it could not have been intended by the Legislature or would defeat the plain legislative intention." *Kiriakides,* 312 S.C. at 275, 440 S.E.2d at 366; *see also Stackhouse v. Rowland,* 86 S.C. 419, 68 S.E. 561 (1910).

We agree with the result reached by the commission. Nevertheless, we decline to base our holding on the commissioner's rationale that Lester would have had to have been in business for the *entire* 1992 calendar year for the exemptions to apply. There could be a situation where an employer operated a business substantially all of the previous year with more than three employees, yet his payroll was such as to indicate that had he operated the entire year, his payroll would not have reached the $3,000 threshold. *See Fetzer v. Boling,* 19 Kan.App.2d 264, 867 P.2d 1067 (1994) (employer qualified under Kansas $10,000 exemption provision where he had been in business for only 10 months during the previous year, but had a payroll of only $4,133.75).

In our opinion, it is unnecessary to employ the devices of statutory construction because Lester does not meet the requirements for an exemption under § 42–1–360(2), even if it is read literally. According to the express wording of § 42–1–360(2), only those persons who during the previous year (1) regularly employed less than four employees, or (2) had an annual payroll of less than $3,000, are exempt from application of the Act. Lester does not meet either criteria. First, Lester was not an "employer" in 1992 inasmuch as he did not employ anyone during that period. None of the provisions of the Act can be read to apply to a business owner who has never employed anyone. Secondly, the other condition of exemption found in § 42–1–360(2) requires an annual payroll of less than $3,000. Lester's shortcoming in this regard is that he had no payroll whatsoever. The section clearly con-

templates the existence of employees and a payroll in the previous calendar year.

As recently reiterated by our Supreme Court, our "[w]orkers' compensation laws were intended by the Legislature to relieve workers of the uncertainties of a trial for damages by providing sure, swift recovery for workplace injuries regardless of fault" and "to give effect to this legislative intent, workers' compensation statutes are construed liberally in favor of coverage." *Peay v. U.S. Silica Co.*, 313 S.C. 91, 94, 437 S.E.2d 64, 65 (1993). From a historical perspective, the purpose of the statutory exemption in workers' compensation statutes "is to avoid administrative inconvenience to very small employers." Arthur Larson & Lex K. Larson, *The Law of Workmen's Compensation* § 52.00, at 9–192 (1996).

While our statute, unlike the Kansas statute interpreted in *Fetzer*, 867 P.2d 1067, does not state that in addition to not having exceeded the payroll threshold amount for the previous year, the employer must also reasonably expect that his payroll for the current year will not exceed the statutory threshold amount, we think that was the intent of the legislature. As we view the statute, the Legislature's intention in implementing a payroll-minimum exemption was to confer exemption status to small employers who have an annual payroll of less than $3,000 during one calendar year and who expect to have a similarly low payroll during the next calendar year. Lester started his business in late 1992 and had no payroll during that year. Thus, Lester did not engage in any employment practices in 1992 which would allow even a cursory analysis of what his 1993 employment practices would be. It follows that Lester cannot claim the advantage of a statute conferring exemption status based on past employment practices.

For the foregoing reasons, the decision of the trial court is

**AFFIRMED.**

GOOLSBY and CONNOR, JJ., concur.