514 S.E.2d 751

**Ric LESTER d/b/a Fair Play Video, Petitioner,**

**v.**

**SOUTH CAROLINA WORKERS' COMPENSATION COMMISSION, Respondent.**

**No. 24923.**

Supreme Court of South Carolina.

Heard Jan. 6, 1999.

Decided March 22, 1999.

558

Donald B. Clark and Alexander B. Cash, of Rosen, Goodstein & Hagood, LLC, of Charleston, for petitioner.

Janet Godfrey Wilson, of South Carolina Workers' Compensation Commission, of Columbia, for respondent.

BURNETT, Justice:

We granted a writ of certiorari to review the decision of *Lester v. South Carolina Workers' Compensation Commission*, 328 S.C. 535, 493 S.E.2d 103 (Ct.App.1997). We affirm in part and reverse in part.

### FACTS

Petitioner Ric Lester d/b/a Fair Play Video (Lester) opened a video casino in November 1992. He had no payroll in 1992. In January 1993, Lester began hiring a series of temporary and "rollover" employees. In May 1993, an employee was shot during a robbery of the video casino. In May 1994, Lester acquired workers' compensation insurance coverage for his employees.

Lester was directed to appear before Respondent South Carolina Workers' Compensation Commission (the Commission) to show cause why he should not be found in violation of

the South Carolina Workers' Compensation Act (the Act) [1] for failure to maintain workers' compensation insurance coverage for his employees from February 1993 until May 26, 1994. Lester argued, pursuant to S.C.Code Ann. § 42-1-360(2) (1985), he was exempt from the requirements of the Act because his payroll was less than $3,000 during 1992.

The single commissioner concluded Lester was not exempt under § 42-1-360(2). The Appellate Panel, circuit court, and Court of Appeals affirmed. *Lester, supra.*

### *ISSUE*

Did the Court of Appeals err by construing the minimum payroll exemption provision of § 42-1-360(2) as requiring an employer 1) to have a positive payroll during the previous calendar year and 2) to expect a similarly low payroll during the current calendar year?

### *DISCUSSION*

Section 42-1-360(2) provides as follows:

This Title shall not apply to:

(2) *Any person* who has regularly employed in service less than four employees in the same business within the State or *who had a total annual payroll during the previous calendar year of less than three thousand dollars regardless of the number of persons employed during that period.*

(emphasis added).

The Court of Appeals interpreted the minimum payroll provision of § 42-1-360(2) as exempting employers who have an annual payroll of less than $3,000 (but at least some payroll) and who expect to have a similarly low payroll during the current year. Since Lester did not meet the requirements of the minimum payroll exemption because he had no payroll during 1992, the Court of Appeals concluded he was not exempt from providing his employees with workers' compensation in 1993. *Lester, supra.*

■ Lester agrees the Court of Appeals correctly held the purpose of the minimum payroll provision is "to avoid adminis-

---

1. S.C.Code Ann. § 42-1-10 to § 42-19-50 (1985 and Supp.1997).

trative inconvenience to very small employers."[2]   Given this purpose, Lester asserts it is unlikely the General Assembly intended to exempt small employers, but not to exempt even smaller employers who have no payroll.

The cardinal rule of statutory construction is for the Court to ascertain and effectuate the intent of the legislature. *Mid–State Auto Auction of Lexington, Inc. v. Altman,* 324 S.C. 65, 476 S.E.2d 690 (1996).   If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpre- tation and the Court has no right to look for or impose another meaning. *Miller v. Doe,* 312 S.C. 444, 441 S.E.2d 319 (1994).   Where a statute is ambiguous, however, the Court must construe the terms of the statute.   Workers' compensa- tion statutes are to be construed in favor of coverage;   any exception to workers' compensation coverage must be narrow- ly construed. *Peay v. U.S. Silica Co.,* 313 S.C. 91, 437 S.E.2d 64 (1993).   Any reasonable doubts as to construction of the Act should be resolved in favor of coverage. *Mauldin v. Dyna–Color/Jack Rabbit,* 308 S.C. 18, 416 S.E.2d 639 (1992).

The minimum payroll exemption provision of § 42–1–360(2) is ambiguous.   It is unclear whether employers who have no payroll in the previous calendar year meet the terms of the minimum payroll exemption.

Since we must resolve any reasonable doubt as to construction of the Act in favor of workers' compensation coverage, *id.,* we conclude employers who have no payroll in the previous calendar year do not meet the terms of the minimum payroll exemption provision of § 42–1–360(2).   Ac- cordingly, the Court of Appeals properly held Lester, who had no payroll in 1992, was not exempt from the Act in 1993.

We disagree, however, with the Court of Appeals' conclusion that, in order to be exempt under the minimum payroll provision, the employer must also reasonably expect a similarly low payroll during the current calendar year.   While the requirement is logical, no language in § 42–1–360(2) places

---

**2.** *See* 4 A. Larson, *Workers' Compensation Law,* § 52.00 (1991) (purpose of minimum number of employees exemption is to avoid administrative inconvenience to very small employers).

such a requirement on the employer claiming exemption from the Act.[3] It was error for the Court of Appeals to add this forecasting requirement to the statute. *Estate of Guide v. Spooner,* 318 S.C. 335, 457 S.E.2d 623 (Ct.App.1995) (if legislature had intended certain result in the statute it would have said so).

The decision of the Court of Appeals is **AFFIRMED IN PART AND REVERSED IN PART.**

FINNEY, C.J., TOAL and WALLER, JJ., concur.

MOORE, J., dissenting in separate opinion.

MOORE, Justice:

I respectfully dissent. In my opinion, the minimum payroll exemption provision of S.C.Code § 42–1–360(2) is not ambiguous. It is the majority opinion which creates an ambiguity where none exists.

If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing *any* rules of statutory interpretation and the Court has no right to look for or impose another meaning. *Paschal v. State of South Carolina Election Comm'n,* 317 S.C. 434, 454 S.E.2d 890 (1995). We need not "divine" intent when statutory language is clear and unambiguous, but instead need simply apply the statute's literal language. *Gaster v. Evatt,* 326 S.C. 33, 483 S.E.2d 197, 198 (1997). Where the terms of the statute are clear, the Court must apply those terms according to their literal meaning. This Court cannot construe a statute without regard to its plain and ordinary meaning, and may not resort to subtle or forced construction in an attempt to limit or expand a statute's scope. *Paschal, supra.* Furthermore, it would be improvident to judicially engraft extra requirements

---

**3.** The Court of Appeals adopted the language found in Kansas Stat.Ann. § 44–505(a)(2) (1998) ("[T]he workers compensation act shall apply to all employments ... except ... (2) any employment ... wherein the employer had a total gross annual payroll for the preceding calendar year of not more than $20,000 for all employees and wherein the employer reasonably estimates that such employer will not have a total gross annual payroll for the current calendar year of more than $20,000 for all employees".).

to legislation which is clear on its face. *Berkebile v. Outen*, 311 S.C. 50, 426 S.E.2d 760 (1993).

An employer without a payroll should not be prevented from claiming this exemption simply because he has no payroll rather than any amount less than $3,000. Pursuant to the majority's opinion, a payroll of $1.00 the previous year would allow an employer to claim the exemption. Reading into the statute a requirement that there must have been some payroll the previous year is simply a forced construction of the statute and judicially engrafts extra requirements to this statute which is clear on its face. Accordingly, I would reverse the Court of Appeals on this issue.