Wayne Dawsey (Dawsey) appeals from the trial courts dismissal of his 
action against New South, Inc

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Wayne Dawsey,       
Appellant,
 
 
 

v.

 
 
 
New South, Inc.,       
Respondent.
 
 
 

Appeal From Horry County
John L. Breeden, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-638
Submitted October 6, 2003  Filed October 
 30, 2003

AFFIRMED

 
 
 
George Hunter McMaster, of Columbia, for Appellant
Arthur E. Justice, Jr., of Florence, for Respondent.
 
 
 

Per Curiam: Wayne 
 Dawsey appeals from the trial courts order dismissing his action against New 
 South, Inc., in which the court held Dawseys exclusive remedy falls under the 
 South Carolina Workers Compensation Act, § 42-1-10, et seq. (1985 & 
 Supp. 2002) (the Act).  We affirm.
FACTS
Dawsey was employed as a supervisor in New Souths 
 wood treatment plant.  New South treats wood to make it resistant to insects, 
 microorganisms and fungal decay by pressure forcing chemicals into the cells 
 of the wood.  The primary chemical used in this process is chromated copper 
 aresenate (CCA).  
Dawsey has been diagnosed with Multiple Sclerosis, 
 which he contends was caused or enhanced by exposure to CCA.  He brought this 
 action, which he labeled a toxic tort, in circuit court.  He alleged that 
 although New South was aware of the health hazards posed by exposure to CCA, 
 it concealed these hazards from its employees, disseminated false information 
 to Dawsey, and exposed him to CCA while assuring him that the chemical was safe 
 and the procedures New South adopted were safe.  
Subsequent to filing its answer, New South moved 
 for dismissal, asserting Dawsey was barred from filing suit against his employer 
 because his exclusive remedy fell under the Act.  The trial court granted New 
 Souths motion to dismiss.  Dawsey appeals.  
LAW/ANALYSIS
Dawsey contends the trial court erred as a matter 
 of law by concluding his exclusive remedy was under the Act.  We disagree.
The exclusivity provision of the Act provides:

The rights and remedies granted by this Title to an employee 
 when he and his employer have accepted the provisions of this Title, respectively, 
 to pay and accept compensation on account of personal injury or death by accident, 
 shall exclude all other rights and remedies of such employee, his personal representative, 
 parents, dependents or next of kin as against his employer, at common law or 
 otherwise, on account of such injury, loss of service or death. . . .

S.C. Code Ann. § 42-1-540 (1985).
Thus, a worker who falls under the Act is prohibited 
 from seeking a common law remedy for work related injuries in a tort action.  
 This exclusivity provision fulfills the purpose of the Act, which is to relieve 
 workers of the uncertainties of a trial by providing sure, swift recovery for 
 workplace injuries regardless of fault.  Peay v. U.S. Silica Co., 313 
 S.C. 91, 94, 437 S.E.2d 64, 65 (1993).  To give effect to this legislative intent, 
 the Act is construed liberally in favor of coverage.  Id.  Any exception 
 to workers compensation coverage must be narrowly construed.  Id.  
As one exception, a common law cause of action 
 is not barred by the Act if the employer acted with a deliberate or specific 
 intent to injure the employee.  Peay, 313 S.C. at 93; 437 S.E.2d at 65.  
 Dawsey asserts his action falls within this exception because New South knew 
 of the dangers inherent in exposing its workers to CCA but failed to take appropriate 
 protective measures to protect its employees from CCA exposure.  He contends 
 New Souths deliberate disregard for safety conditions constitutes an intentional 
 tort against him.  In Peay, our supreme court specifically rejected a 
 broad interpretation of intent and declined to follow the North Carolina Supreme 
 Courts adoption of the substantial certainty standard as set forth in Woodson 
 v. Rowland, 407 S.E.2d 222 (N.C. 1991). [1]   Peay, 313 S.C. at 94, 437 S.E.2d at 
 66.  Narrowly construing the intentional act exception, our supreme court held 
 that only those injuries inflicted by an employer who acts with a deliberate 
 or specific intent to injure are exempted from the exclusive remedy of workers 
 compensation coverage.  Peay, 313 S.C. at 94, 437 S.E.2d at 65-66.   

Thus, in order to bring a tort action, Dawsey must 
 not simply show New South was deliberate in its disregard for its employees 
 safety, but must demonstrate that New South intended to injure him.  We find 
 no evidence in the record of such an intent.  
Relying on Smith v. Smith, 194 S.C. 247, 
 9 S.E.2d 584 (1940), Dawseys advances the theory in his reply brief that fraudulent 
 concealment of exposure to toxic materials constitutes a battery.  We find Dawseys 
 reliance on this case misplaced.  In Smith, the court held the intentional 
 administering of poison to a person with intent to inflict injury is the tort 
 of battery.  In the present case, Dawsey has failed to show that New South not 
 only exposed him to a dangerous substance but actually intended to injure him 
 in doing so or at least knew with substantial certainty that his injury would 
 result.  
As Dawseys injuries were allegedly incurred as 
 an employee of New South and do not fall within the intent exception of the 
 Act, the trial court properly held Dawseys exclusive remedy falls under the 
 Act. [2]   
AFFIRMED.
GOOLSBY, HUFF, and BEATTY, JJ., concur.

 
 [1] 
 According to the substantial certainty standard as articulated in the 
 North Carolina Supreme Courts ruling in Woodson, when an employer 
 intentionally engages in misconduct knowing it is substantially certain to 
 cause serious injury or death to employees and an employee is injured or killed 
 by that misconduct, such misconduct is tantamount to an intentional tort, 
 and civil actions based thereon are not barred by the exclusivity provisions 
 of the North Carolina Workers Compensation Act.  Woodson, 407 S.E.2d 
 at 228.

 
 
 [2]   The South Carolina Supreme Court recently held the exclusivity provision 
 does not involve subject matter jurisdiction.  Sabb v. South Carolina State 
 Univ., 350 S.C. 416, 423, 567 S.E.2d 231, 234 (2002).  In the present 
 case, the trial court ruled it lacked subject matter jurisdiction because 
 Dawseys exclusive remedy is under the Act.  Although the trial court had 
 subject matter jurisdiction, it properly granted New Souths motion to dismiss 
 due to the exclusivity provision.  See IOn, L.L.C. v. Town of Mt. 
 Pleasant, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) (court can affirm 
 for any reason appearing in the record).