8586

*IN RE* WILL OF ROTON.

Wills—Married Women.—The will of an unmarried woman under section 3570, Code of 1912, is revoked by her subsequent marriage and death leaving her husband surviving her, and such will will be declared invalid for all intents and purposes at the instance of the brother of the deceased.

Before DeVore, J., Lexington, January, 1913.    Affirmed.

Proceeding for proof of will of Annie L. Roton, in solemn form.   From Circuit decree reversing probate judgment and holding will invalid, executors appeal.

*Messrs. Efird & Dreher,* for appellants, cite: *Where a married woman has as much right as a man to hold property her marriage should not revoke her will:* 17 L. R. A. 592; 79 Ill. 99; 70 Wis. 251; 60 N. H. 439; 54 Am. R. 359; 130 N. W. 134; 45 Vt. 145; 81 Me. 275; 52 Am. R. 255; 67 L. R. A. 315.   *Our Code of 1902, 1860, applies only to men.*

*Messrs. N. W. Brooker* and *Jno. T. Seibels,* contra, cite: *Words in our acts importing masculine apply to females:* Code 1902, 41; 86 Ga. 386; 19 S. E. 759; 141 Mass. 475;

161 Mass. 177; 170 Mass. 401; 54 W. Va. 545; 1 W. Va. 740; 199 Pa. St. 137. *As to words in will:* 199 Pa. 137; 108 Pa. 76; 138 Mass. 45; 42 Ga. 415. *Who may contest a will:* 40 Cyc. 1241.

June 28, 1913. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This is an appeal from a decree of his Honor, Judge DeVore. The facts of the case show that Annie L. Leitner, then a widow, on August 20, 1906, made a will, and thereafter married Harris Roton, and died in February, 1910, leaving the will in question. Her husband, Roton, her mother, a brother and sister survived her, but no children. On March 15th, 1910, the will was presented to the probate court by the executors, and on that day admitted to probate in common form. On October 23, 1911, the brother of testatrix, to whom she had given $10, filed his petition for proof of the will in due and solemn form. In obedience to the order of the probate court the executors filed their summons and petition, asking to be permitted to prove the will in due form of the law. The brother of the testatrix alone appeared to contest the will. The probate court admitted the will to probate, holding it valid. From this decree the brother of testatrix alone appealed to the Circuit Court, and the appeal was heard by Judge DeVore, Circuit Judge, who reversed the decree of probate court, he holding that the will was revoked by the subsequent marriage of the testatrix. The executors appeal from this judgment, alleging error, 1. In holding that under our statutes the will is revoked by marriage, and in 2. In not holding that even if the will was revocable by marriage it should not be declared void at the instance of the brother of testatrix.

There is no dispute, and it was conceded at the hearing of this case by appellant's counsel that under the common law, the will of a woman, whatever its provisions, was

revoked by her subsequent marriage. Section 3570, Code of Laws 1912, is, "If any person making a will shall afterwards marry and die, leaving his widow, or leaving issue of such marriage, unless the will shall have been made in contemplation of such marriage expressed on its face, and shall contain a provision for future wife and children, if any, it shall be deemed and taken to be a revocation to all intents and purposes." This act really supplements the common law rule. On the construction of words, section 41 of Code of Laws 1912, Vol. I, is, "The words 'person' and 'party' and other word or words imparting the singular number, used in act or joint resolution, shall be held to include firms, companies, associations and corporations, and all words in the plural number shall apply to single individuals in all cases, in which the spirit and intent of the act or joint resolution may require it. All words in any act or joint resolution imparting the masculine gender shall apply to females also, and all words imparting the present tense shall apply to the future also."

Under these sections there is no doubt that the will of Annie L. Roton, made while she was a widow, was revoked immediately upon her marriage to Roton, and the will being revoked to "all intents and purposes whatsoever," and then she died, as if intestate, and her property is to be divided under the statute of distribution and the exceptions are overruled.

Judgment affirmed.