17579

Henry WOOTEN, Appellant, v. Sallie WOOTEN, Executrix,
Respondent

(110 S. E. (2d) 922)

*Mr. Hugh O. Hanna, Esq.,* of Hampton, *for Appellant,*

*Mr. Robert Peters, Jr., Esq.,* of Hampton, *for Respondent,*

*Mr. Hugh O. Hanna, Esq.,* of Hampton, *for Appellant, in Reply,*

November 6, 1959.

TAYLOR, Justice.

This appeal is from an Order of the Court of Common Pleas of Hampton County affirming an Order of the Probate Court of said County dismissing the petition of Appellant for the reason that it was not presented to the Court until more than six months had expired after the will in question had been admitted to probate in common form.

The will in question was admitted to probate in common form on March 8, 1957; and on January 27, 1958, petitioner filed his petition with the Probate Court seeking to have the will proven in solemn form and setting forth his reasons therefor. After service of said petition and the citation of the Probate Court, Respondent moved to dismiss the petition on the ground that it was not filed within the time specified under Section 19-255, Code of Laws of South Carolina, 1952, as amended. This motion was granted and the petition was dismissed by the Probate Judge. Upon appeal to the Circuit Court, the matter came on for hearing before the Honorable James M. Brailsford, Jr., at which time petitioner alleged that the three witnesses were not all present together when the will was executed, that the deceased at the making of the will was under undue and fraudulent influences, and that the will is in violation of a prior contract to make a will in favor of petitioner and proposed to call witnesses to testify. Whereupon Respondent agreed and stipulated that for the purpose of this appeal only that if the witnesses to the will were present and allowed to testify, they would testify that they were not all present together and in the presence of each other at the time the testator signed the will but moved to dismiss the petition in that more than six months had lapsed since said will had been probated in common form.

In *Wilkinson v. Wilkinson,* 178 S. C. 194, 182 S. E. 640, 642, an action was commenced in the Court of Common Pleas; and this Court held that no collateral attack could be made in the Court of Common Pleas from a judgment of the Probate Court admitting a will to probate in common form and used the following language:

"Appellant takes the position that while infancy is the only disability made an exception to the four-year period by the act of 1839, now section 8932 of the Civil Code, nevertheless, the Legislature meant by that enactment that other exceptions and legal disabilities should be read into and included within the meaning of the act. In this, we cannot agree. This act was passed seven years after the decision in the case of *Kinard v. Riddlehoover,* 3 Rich. 258, in which the court held that parties in interest should have four years in which to require proof of will in solemn form after the granting of probate in common form unless the parties in interest, or some of them, should be laboring under some legal disability to sue, and in such cases within four years next after the removal of such disability. With this decision before it, the Legislature restricted the disabilities to the one disability of infancy. No doubt, if the Legislature had intended to include any other legal disability or exception, it would have said so."

This Court further stated in *Davis v. Davis,* 214 S. C. 247, 52 S. E. (2d) 192, 198:

"* * * In the light of the statutory procedure for the probate of wills, the probate of a will in common form by the Probate Court is voidable only by requiring proof of the will in solemn or due form of law within the time required by statute, otherwise the probate in common form shall be conclusive of all matters relating to the validity of the will, * * *."

Since the decision in the *Wilkinson case,* the statute has been amended several times. The time for demanding proof of will in solemn form was first reduced to one year and later to six months with infancy being the only exception.

There can be no question but that the Legislature has the power to set the time in which the validity of a will may be challenged and has exercised this power by amending the former statutes and providing that "Probate in common form shall be good unless some person interested to invalidate any such paper as a will shall give notice to the judge of probate within six months next after such probate * * *"

More than six months having lapsed between the date of probate and the filing of the petition, the Order must be affirmed; and it is so ordered. Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.