## 18788

The CITY OF SPARTANBURG, Appellant, v. Larry Dean PARRIS, Respondent.

(161 S. E. (2d) 228)

*Messrs. T. E. Walsh* and *Max B. Cauthen, Jr.,* of Spartanburg *for Appellant,*

*Messrs. Burts, Turner & Hammett,* of Spartanburg, *for Respondent,*

May 7, 1968.

BRAILSFORD, Justice.

The police and fire departments of the City of Spartanburg have been under civil service since 1965. See Act No. 345 of that year, which implemented a special constitutional amendment ratified in 1965. This act was amended in 1966 by Act No. 991.

Larry Dean Parris was a police officer of the City of Spartanburg when the Civil Service Act was adopted and until his discharge by the Director of Law Enforcement, with the concurrence of the City Manager, on March 14, 1967. As required by the Act he was advised of the reasons for his discharge by letter as follows:

"Effective the date of this letter, you are hereby removed and discharged from your position with the Spartanburg Police Department for the following reasons:

"(1) In accepting a gift in January of 1967 from a suspect then being investigated by you.

"(2) In accepting property in January 1967 from a suspect then being investigated by you, which property you should have known was not owned by the suspect or may have been the property of other persons.

"(3) In carrying out your duties as a member of the Spartanburg Police Department in a manner which is injurious to the good of the Police Department and which tends to injure the public service.

"(4) In failing to correct deficiencies heretofore pointed out to you following your suspension on March 3, 1965."

Parris requested a hearing before the Civil Service Commission, which was charged with the duty of conducting a public hearing and determining whether his discharge "was or was not made for political or religous reasons and was or

was not made in good faith (for) cause." After a hearing at which Parris was represented by Counsel, the Commission entered an order by which it found that "the discharge was not made for political or religious reasons and, on the contrary, * * * it * * * was made in good faith and * * * for good cause." Parris appealed to the Court of Common Pleas for Spartanburg County, principally upon the ground that the Commission erred in admitting into evidence an affidavit of one Calvin Honeycutt, whch seriously reflected upon Parris' integrity as a police officer, thereby depriving him of the right to confront and cross examine his accuser.

The circuit court held that the admission of this affidavit, and the consequent denial of Parris' right to be confronted by his accuser and to cross examine him, was error requiring the reversal of the order of the Commission. The court remanded the case to the Commission with instructions that it hold another hearing within thirty days from the filing of the order, at which the witness Calvin Honeycutt should be examined in person; otherwise the court ordered that Parris be reinstated with pay.

The City of Spartanburg has appealed on fifteen exceptions. However, there are not nearly so many questions for decision.

The Commission is an administrative body and is charged with a number of administrative duties. However, in conducting a hearing for the purpose of determining whether an employee has been discharged in good faith and for cause the Commission acts in a quasi-judicial or adjudicatory capacity. While the strict rules of evidence are not applicable to such a hearing, *Richards v. City of Columbia*, 227 S. C. 538, 552, 88 S. E. (2d) 683, 689, the substantial rights of the parties must be preserved. *Southern Stevedoring Co. v. Voris*, (5th Cir.) 190 F. (2d) 275, 277. It is generally held that these rights include a reasonable opportunity to cross examine the important witnesses against a party when their credibility is challenged.

The following rule is aptly phrased and finds strong support in the decisions cited in the footnotes to the text:

"The right to cross examine witnesses in *quasi-judicial* or adjudicatory proceedings is a right of fundamental importance which, in regard to serious matters, exists even in the absence of express statutory provision, as a requirement of due process of law or the right to a hearing, and no one may be deprived of such right even in an area in which the Constitution would permit it if there is no explicit authorization therefor. * * *" 2 Am. Jur. 234, Administrative Law, Sec. 424.

Here the most damaging accusations against Parris concerned his conduct with Honeycutt, and except for compartively minor admissions by Parris, they were supported only by the Honeycutt affidavit. The record discloses that Honeycutt is an unsavory character with a long criminal record. His affidavit is, in material part, contradicted by Parris' testimony and is the only evidence by which such testimony is opposed.

We agree with the circuit court that under the particular facts of this case, fundamental fairness required the exclusion of the Honeycutt affidavit, and that a rehearing must be granted. However, we think that the court went too far in ordering the reinstatement of Parris unless Honeycutt should be produced as a witness at a hearing within thirty days of the filing of the order. The city might elect not to use either the witness or his affidavit at the next hearing. Our conclusion that Parris must be given a rehearing by the Commission rests upon a procedural error, and does not touch the merits of his discharge, which was regularly initiated by the Director of Law Enforcement, with the concurrence of the City Manager. Upon the rehearing, the City will have the option of relying upon any assigned cause for Parris' discharge and establishing it by any available evidence.

Since the decision of the circuit court did not turn on the sufficiency of the evidence, the statements in the order ap-

pealed from concerning the degree of proof required and the burden of proof before the Commission are *obiter dictum,* and the exceptions thereto raise no issues for decision by us.

Modified and remanded for further proceedings.

Moss, C.J., and LEWIS, BUSSEY, and LITTLEJOHN, JJ., concur.