## 20170

Sarah Watson JACKSON, Appellant, v. Leroy CANNON, Administrator D.B.N./C.T.A. of the Estate of Erskine Watson, et al., Respondents.

(222 S. E. (2d) 494)

*Messrs. Christ Christ,* and *Paul R. Hibbard,* of *Johnson, Smith, Hibbard & Cothran,* Spartanburg, *for `Appellant,*

*Messrs. T. Emmet Walsh,* of Spartanburg, and *Harold Hanna,* of Woodruff, *for Respondents,*

February 18, 1976.

NESS, Justice:

Erskine Watson's will was admitted to probate in common form by the Probate Court of Spartanburg County. *Eighteen months* later Sarah Watson Jackson, appellant, instituted a declaratory judgment action in the Court of Common Pleas against the defendants-respondents, the administrator and beneficiaries under the will, to have the will declared invalid. Appellant alleged that she became the common law wife of Watson after execution of the will, that

the will was not made in contemplation of marriage, and that the will was revoked by operation of the South Carolina Code Section 19-222.[1]

The circuit judge granted summary judgment to the defendants. He held the will was admitted to probate in common form by a court of competent jurisdiction and, no action having been instituted within six months which attacked directly the admission of the will, the judgment of the Probate Court was final. Further, the trial judge found the declaratory judgment action impermissibly attempted to collaterally attack the judgment of the Probate Court. We affirm.

In South Carolina a will may be admitted to probate in common form. S. C. Code Sec. 19-253 (1962). South Carolina Code Sec. 19-255 (1962) provides anyone contesting the validity of a will must commence an action to have the will proved in solemn form *within six months after the will has been admitted to probate.* Once the time for attacking the validity of the will has expired, the judgment of the Probate Court becomes final on any question concerning the formalities of its execution, the capacity of the testator, and the validity of the will to the extent that the deceased died testate. The judgment is not subject to collateral attack. *Davis v. Davis,* 214 S. C. 247, 52 S. E. (2d) 192 (1949); *Prater v. Whittle,* 16 S. C. 40 (1881).

Appellant attempts to circumvent the judgment of the Probate Court by characterizing her action as one for construction of the terms of the will. It is truly an action for construction, the judgment of the Probate Court would not operate as a bar. The Probate Court does not have jurisdiction to interpret the terms of a will

---

[1] "If any person making a will shall afterwards marry and die leaving his widow or leaving issue of such marriage, unless the will shall have been made in contemplation of marriage expressed on its face and shall contain provision for future wife and children, if any, such marriage shall be deemed and taken to be *a revocation of such will to all intents and purposes.*" (Emphasis supplied).

or pass upon the validity of clauses of a will. *Davis v. Davis, supra; Henry v. Cottingham,* 253 S. C. 286, 170 S. E. (2d) 387 (1969); *Rikard v. Miller,* 231 S. C. 98, 97 S. E. (2d) 257 (1957).

Appellant urges the will is valid and was entitled to probate. Further, she argues that the statute completely disrupts the dispositive scheme of the testator and presents a question of construction. Hence, appellant contends declaratory judgment is proper under S. C. Code Sec. 10-2001 *et seq.* (1962):

"Any person interested under a . . . will . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status or other legal relations thereunder." Sec. 10-2003.

This Court has previously passed upon the effect of a will which comes within the purview of S. C. Code Sec. 19-222. In the case of *In Re: Will of Roton,* 95 S. Ct. 118, 78 S. E. 711 (1913), it was determined a will not made in contemplation of marriage was revoked immediately upon the subsequent marriage of the testatrix. Consequently, the will was not entitled to probate, and the testatrix died as if intestate. Accord *McJunkin v. Moody, et al.,* 194 S. C. 95, 9 S. E. (2d) 209 (1939). Accordingly, an allegation that a will was revoked by a subsequent marriage does not present an issue of construction, but goes to the validity of the entire will.

Appellant has relied on cases dealing with partial revocation, which, of course, present a different question. In those situations there is something to admit to probate, and any construction of the rights of the beneficiaries is properly the subject of declaratory judgment in the Circuit Court. The general rule is stated in 95 C. J. S. Sec. 296, p. 87:

"Ordinarily, where a will is revoked *in toto,* whether by act of the testator or by operation of law, such will is

void for all purposes; but the effect of a partial revocation is merely to remove the particular gift from the operation of the will."

Section 19-222 expressly provides that the subsequent marriage would have resulted in a total revocation of the will. Hence, the appellant would be relitigating the question of whether the will was entitled to probate. The Probate Court had jurisdiction to consider whether the will was revoked by virtue of the testator's alleged marriage after execution of the will, just as it had jurisdiction to determine the testamentary capacity of the testator, *Craig v. Beatty,* 11 S. C. 375 (1878), whether the will had been executed in obedience to S. C. Code Sec. 19-205, *Cf. Wooten v. Wooten,* 235 S. C. 228, 110 S. E. (2d) 922 (1959) or revoked in compliance with S. C. Code Sec. 19-221 (1962). *Cf. Davis v. Davis, supra.*

Rights consecrated by final judgment of the Probate Court are not subject to collateral attack under the guise of a declaratory action seeking construction of the terms of a will in the Court of Common Pleas.

Affirmed.

Lewis, C. J., Littlejohn and Gregory, JJ., and Joseph R. Moss, Acting Associate Justice, concur.