THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Joseph H. Panther,       
Appellant,
 
 
 

v.

 
 
 
Catto Enterprises, Inc.,       
Respondent.
 
 
 

Appeal From Spartanburg County
Roger L. Couch, Circuit Court Judge

Unpublished Opinion No. 2003-UP-293
Submitted April 7, 2003 - Filed April 
 30, 2003

AFFIRMED

 
 
 
H. Michael Spivey, of Mauldin, for Appellant
Michael N. Duncan, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Affirmed pursuant to Rule 220(b)(2), 
 SCACR, and the following authorities: As to issue I: Whetstone v. Whetstone, 
 309 S.C. 227, 231-32, 420 S.E.2d 877, 879 (Ct. App. 1992) (holding, to prove 
 the existence of a trust [for realty], the law requires . . . a [written] declaration 
 creating the trust).
As to issues II & V: Rule 207(D), SCACR (stating 
 the argument portion of a brief must include citations to authority); see 
 Parks v. Morris Homes Corp., 245 S.C. 461, 471, 141 S.E.2d 129, 134 (1965) 
 (holding where no . . . authority [is] cited to sustain the exception, it is 
 properly considered abandoned [on appeal]).
As to issue III: Weil v. Weil, 299 S.C. 
 84, 89, 382 S.E.2d 471, 473 (Ct. App. 1989) (defining dicta is an expression 
 or statement by the court on a matter not . . . necessary to a decision thereof); 
 In re Thames, 344 S.C. 564, 572-73, 544 S.E.2d 854, 858 (Ct. App. 2001) 
 (indicating where the trial courts order makes reference to matters that are 
 irrelevant to the courts decision, the matter is considered dicta and may be 
 ignored); cf. City of Spartanburg v. Parris, 251 S.C. 187, 191-92, 
 161 S.E.2d 228, 230 (1968) ([Because] the decision of the circuit court did 
 not turn on the sufficiency of the evidence, the statements in the order appealed 
 from concerning the degree of proof required and the burden of proof before 
 the Commission are obiter dictum, and the exceptions thereto raise no issues 
 for decision by [this Court].).
As to issue IV: Fields v. Melrose Ltd. Pship, 
 312 S.C. 102, 106, 439 S.E.2d 283, 285 (Ct. App. 1993) (holding an issue is 
 deemed abandoned, and thus, not preserved for appellate review if argued in 
 a short, conclusory statement without supporting authority).
AFFIRMED.[1]
STILWELL, HOWARD, JJ., and STROM, Acting Judge, 
 concur.

 
 [1] 
 Because oral argument would not aid the Court in resolving any issue on appeal, 
 we decide this case without oral argument pursuant to Rule 215, SCACR.