676 S.E.2d 133

**In the Matter of George I. Theisen.**

**Lisbeth THEISEN, Appellant,**

**v.**

**Joan THEISEN, Richard Doris, Claude Theisen, Clifford Theisen, Eva Marie Theisen Fox and Susan Theisen Washburn, Defendants,**

**Of whom Joan Theisen, Richard Doris, Claude Theisen, Eva Marie Theisen Fox and Susan Theisen Washburn are Respondents,**

**and**

**Clifford Theisen is Appellant.**

**No. 26630.**

Supreme Court of South Carolina.

Heard March 3, 2009.

Decided April 13, 2009.

Rehearing Denied May 13, 2009.

214

216

Kymric Y. Mahnke and John D. Shipman, of Nelson, Mullins, Riley & Scarborough, and Robert C. Wilson, Jr., all of Greenville, for Appellants.

Frank S. Holleman, III and Lesley R. Moore, both of Wyche, Burgess, Freeman & Parham; John A. Hagins, Jr., and Stephen R.H. Lewis, both of Covington, Patrick, Hagins, Stern & Lewis, all of Greenville, for Respondents.

Justice WALLER:

This is a family dispute concerning the will of George Theisen, who died on November 16, 2004. Appellant, Lisbeth Theisen, filed an action in February 2006 challenging the validity of the will. The trial court granted summary judgment to Respondents, holding the action was barred by the eight month statute of limitations set forth in S.C.Code Ann. § 62–3–108(3). We affirm.

## FACTS

Lisbeth Theisen and Clifford Theisen (Appellants) are children of the decedent, George Theisen. Theisen was also survived by 3 other children, Claude, Susan and Eva Marie, as well as his wife Joan, who are Respondents in this matter. Approximately two months after Theisen's death, on January 11, 2005, Joan Theisen filed a will dated June 7, 1993, and two codicils dated 1996 and 1998, requesting informal probate in Essex County, New Jersey.[1] Notice of admission of the will

---

1. Theisen's will specifically directs that it be probated in New Jersey. The will and codicils were drafted by New Jersey law firms, and instruct:

   Although I am currently domiciled in the State of South Carolina, a portion of my property and estate is located in the State of New

to probate in New Jersey was simultaneously sent to George's children. The Personal Representatives of the Estate (Joan Theisen and Richard Doris) filed certified copies of the Essex County Probate proceeding with the Greenville County Probate Court on January 27, 2005.

On March 3, 2005, Lisbeth Theisen, a New Jersey resident, filed a complaint in the Greenville County Probate Court requesting "Designation of Forum for Primary Probate of Estate." The Probate Court held that since no probate proceeding was pending in South Carolina, principles of comity required the New Jersey Court to determine any jurisdictional issues.

Approximately one year later, on February 3, 2006, Lisbeth filed a Petition for Formal Testacy in Greenville County Probate Court challenging the validity of her father's will and codicils, contending they were executed at a time when he lacked testamentary capacity and was subject to undue influence. The matter was removed to circuit court, and Respondents filed for summary judgment contending Lisbeth's petition was untimely and was barred by the statute of limitations. Lisbeth's brother, Clifford joined her opposition to the motion for summary judgment.[2] The trial court held two hearings in August 2006, after which an order was entered granting Respondents summary judgment. The trial court held the eight month statute of limitations of S.C.Code Ann. § 62–3–108(3) barred Lisbeth's action. Lisbeth and Clifford's Rule 59(e) SCRCP motions were thereafter denied. This appeal follows.

---

Jersey.... I direct my executors to offer my said Last Will and Testament for original probate in the State of New Jersey.... It is my express intention and unequivocal desire that the laws of the State of New Jersey shall apply.

Theisen began his business, T & S Brass and Bronze Works in New York City in 1947; he moved the headquarters to Traveler's Rest, SC, in 1978. Theisen was the majority shareholder, and the stock certificates were held in the offices of his New Jersey attorneys.

2. Theisen's will and codicils bequeath all of his shares in T & S to his wife, Joan, son Claude, and daughters Eva–Marie and Susan while leaving no stock to Lisbeth or Clifford. The will and codicils exclude Lisbeth and Clifford as his issue.

## ISSUES

1. Did the circuit court err in holding the action barred by the eight month statute of limitation set forth in S.C.Code Ann. § 62–3–108?

2. Does the statute of limitation begin to run upon admission of a will to probate, or upon closing of the estate?

3. Does the application of S.C.Code Ann. § 62–3–108 violate due process and equal protection?

### 1. S.C.Code Ann. § 62–3–108

S.C.Code Ann. § 62–3–108 states, generally:

No informal probate or ... formal testacy or appointment proceeding, other than a proceeding to probate a will previously probated at the testator's domicile ... may be commenced more than **ten years after the decedent's death.** (emphasis supplied).

However, the statute sets forth certain exceptions, including:

(1) if a previous proceeding was dismissed because of doubt about the fact of the decedent's death, ... proceedings may be maintained at any time thereafter upon a finding that the decedent's death occurred prior to the initiation of the previous proceeding and the applicant or petitioner has not delayed unduly in initiating the subsequent proceeding and if that previous proceeding was commenced within the time limits of this section;

(2) appropriate probate, appointment, or testacy proceedings may be maintained in relation to the estate of an absent, disappeared, or missing person for whose estate a conservator has been appointed, at any time within three years after the conservator becomes able to establish the death of the protected person; and

(3) a proceeding **to contest an informally probated will** and to secure appointment of the person with legal priority for appointment in the event the contest is successful **may be commenced within the later of eight months from the informal probate or one year from the decedent's death.**

Emphasis supplied.[3]

---

**3.** The statute is taken directly from the language of the Uniform Probate Code § 3–108. However, the UPC § 3–108(3) permits up to twelve

The trial court ruled that since Theisen's will was admitted to informal probate in New Jersey on January 11, 2005, Lisbeth's action, commenced on February 3, 2006, was barred by the eight month statute of limitations in subsection (3) above. We agree.

Appellants contend the 8–month limitation is inapplicable here for two reasons: first, they contend the statute applies only to informal probates which occur **in this state;** second, they contend South Carolina law **requires** a decedent's will first be filed for informal probate in the county of the decedent's domicile. We disagree.

■ The plain and unambiguous language of § 62–3–108(3) plainly applies to **any** informal probate. *Anderson v. State Farm Mut. Auto. Ins. Co.,* 314 S.C. 140, 442 S.E.2d 179 (1994) (words of a statute should be accorded their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand statute's operation). There is simply no language in the statute which implies it excludes an informal probate conducted in another state. If the Legislature had intended the eight month limitation period to apply only to wills which were informally probated **in this state,** it could have included such language in the statute. *Estate of Guide v. Spooner,* 318 S.C. 335, 457 S.E.2d 623 (Ct.App.1995) (if Legislature intended statute to apply to certain proceedings, it could have done so by including such language). We find no persuasive arguments as to why § 62–1–308(3) should be construed to apply only to wills probated in South Carolina.[4]

■ Lisbeth and Clifford also contend that under S.C.Code Ann. § 62–3–201,[5] the proper venue for the first informal or

months from the date of informal probate or three years from the date of decedent's death to contest an informally probate will.

4. Appellants contend most states do not have either informal probate proceedings or do not require notice for informal probate. It is uncontested however, that New Jersey does have informal probate proceedings, and that Appellants were given written notice. *See* N.J. Rules of Court, R. 4:80–6.

5. S.C.Code Ann. § 62–3–201 requires venue for the first informal or formal testacy or appointment proceedings after a decedent's death be

formal testacy proceeding was Greenville County, the county of Theisen's domicile. We disagree.

Appellants cannot escape the eight month statute of limitation of § 62–3–108(3) by raising a venue statute. The remedy to challenge venue was to raise the issue within the statutory period (which they did via the "Designation of Forum Petition"); [6] however, Appellants failed to perfect an appeal from that order and instead waited until after the expiration of the eight month limitations period to file a challenge to the validity of the informal probate. Appellants cannot now complain that venue was proper only in Greenville. *Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999). (*res judicata* bars subsequent actions by same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties).

■ Moreover, Theisen's will specifically directs that it be probated in New Jersey, and the Probate Court there found informal probate of the will was proper under New Jersey law, specifically N.J. St. Ann. § 3B:3–28, which provides:

Where the will of any individual not resident in this State at his death has not been admitted to probate in the state, jurisdiction or country in which he then resided and no proceeding is there pending for the probate of the will, and he died owning real estate situate in any county of this State **or personal property, or evidence of the ownership thereof, situate therein at the time of probate, the Superior Court or the surrogate's court may admit the will to probate** and grant letters thereon. (Emphasis added).[7]

---

either (1) in the county where the decedent had his domicile at the time of his death; or (2) if the decedent was not domiciled in this State, in any county where property of the decedent was located at the time of his death.

6. Alternatively, they could have timely filed a will contest in South Carolina within the eight month limitations period.

7. S.C.Code Ann. § 62–3–201(a)(2) has an analogous provision that venue is proper: "(2) if the decedent was not domiciled in this State, in any county where property of the decedent was located at the time of his death."

The Probate Court found Theisen owned a bank account and stock certificates which were situate in New Jersey at the time of his death. Accordingly, venue was proper under New Jersey law.

■ Lastly, Appellants cite Albert Moses, *The South Carolina Probate Practice Manual*, § 3–5 (4th Ed.2001) for the proposition that the time limitations set forth in § 62–1–308(3) do not apply to a will probated elsewhere. The Probate and Practice Manual states:

> **Time limitations on formal proceedings.** Formal proceedings to contest an informally probated will (and for appointment of a personal representative) must be commenced within the later of 8 months from the informal probate or 1 year of death. Otherwise, formal proceedings (and informal proceedings for probate and appointment must be commenced within 10 years of decedent's death). **These time limitations neither apply to a will probated elsewhere nor to the estates of persons absent, disappeared, or missing.**

(Emphasis supplied). The highlighted language appears to relate to subsections (1) and (2) of § 62–1–308. Those sections alter the normal statute of limitations for probate proceedings in cases in which the death of the decedent was in doubt, or when an individual was absent, disappeared, or missing, and their death has been recently discovered. The Probate Manual's statement that the time limitations are inapplicable to the estates of persons missing, absent, disappeared or whose death is in doubt are supported by the language of the statute itself. However, there is no language in the statute which would demonstrate that the limitations period therein was not intended to apply to wills "probated elsewhere." Accordingly, we are not persuaded by the language of the Probate Manual. We hold the trial court properly applied the statute of limitations of § 62–1–308(3).

## 2. INFORMAL PROBATE

■ Appellants next contend that, even if the eight month limitations period of § 62–3–108(3) is applicable, the statute does not begin to run until an informal probate is closed, rather than when the will is admitted to probate. We disagree.

This Court has previously recognized that the time limitation runs from the time the will is admitted to probate, and that fixing such a time is within the province of the Legislature. *See Wooten v. Wooten*, 235 S.C. 228, 110 S.E.2d 922 (1959). In *Wooten*, a will was admitted to probate on March 8, 1957, and the petitioner attempted to challenge the will on January 27, 1958. The Court held the action barred by the six month limitation period set forth in S.C.Code Ann. § 19–255 (1952) (the predecessor to § 62–3–108) such that the petitioner's attempt to challenge the will on grounds of undue influence and improper execution could not be considered. *See also Jackson v. Cannon*, 266 S.C. 198, 222 S.E.2d 494 (1976) (under § S.C.Code § 19–255, anyone contesting the validity of a will must commence an action to have the will proved in solemn form within six months after the will was admitted to probate). It is clear from the caselaw that the statute begins to run from the date of the will's admission to probate.

Moreover, the language of S.C.Code Ann. §§ 62–3–301 *et seq.* clearly envisions a will is "informally probated" upon admission by the court. *See e.g.*, § 62–3–302 (upon receipt of application requesting informal probate, court shall issue a written statement of informal probate); § 62–3–303 (findings required to admit will to informal probate); § 62–3–305 (if court is not satisfied will is entitled to be informally probated, court may decline application).

Lastly, as noted by the trial court, the legal treatises are in accord that the time limitations in which to challenge a will run from the time it is admitted to probate. *See* 95 CJS *Wills* § 533 (time limitation on right to seek review of a will commences from the date of its proof, or, in other words, the date that it was admitted to probate or refers to the act of the clerk accepting the will for probate, rather than date upon which the estate is closed); 80 AmJur *Wills* § 808 (notice of probate of a will, or of the admission of a will to probate, may start an applicable time limitation for bringing a will contest).

Here, there is no dispute but that the will was admitted to probate by the New Jersey Court on January 11, 2005. Accordingly, Lisbeth's petition, filed in February 2006, was barred under the 8 month statute of limitations.

## 3. EQUAL PROTECTION/DUE PROCESS

■ Lastly, Appellants contend application of the 8–month limitation period violates their due process and equal protection rights.[8] We disagree.

■ Due process is violated when a party is denied fundamental fairness. *City of Spartanburg v. Parris,* 251 S.C. 187, 191, 161 S.E.2d 228, 230 (1968). Due process is flexible and calls for such procedural protections as the particular situation demands. *Sloan v. S.C. Bd. Of Physical Therapy Exam'rs,* 370 S.C. 452, 636 S.E.2d 598 (2006). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *S.C. Dep't. of Soc. Servs. v. Beeks,* 325 S.C. 243, 246, 481 S.E.2d 703, 705 (1997).

■ The requirements of equal protection are met if: (1) a classification bears a reasonable relationship to the legislative purpose sought to be effected; (2) the members of the class are treated alike under similar circumstances; and (3) the classification rests on a reasonable basis. The constitutional guaranty of equal protection of the law requires all members of a class to be treated alike under similar circumstances and conditions, and that any classification not be arbitrary but bear a reasonable relation to the legislative purpose sought to be effected. *Sloan v. S.C. Bd. Of Physical Therapy Exam'rs, supra, citing Broome v. Truluck,* 270 S.C. 227, 230, 241 S.E.2d 739 (1978).

The circuit court's application of the statute of limitations simply did not deprive Appellants of due process or equal protection. They had notice of the proceedings, and they had opportunities to object to them both in South Carolina and in New Jersey. They failed to perfect their appeal from the Probate Court's Order denying their "Designation of Forum" petition; they failed to timely file a petition for formal testacy within the applicable statute of limitations in South Carolina, and they failed to object to the informal testacy proceedings in

---

8. U.S. Const. amend XIV, § 1; S.C. Const. art. I, § 3 (privileges and immunities of citizens of this State and of the United States under this Constitution shall not be abridged, nor shall any person be deprived of life, liberty, or property without due process of law, nor shall any person be denied the equal protection of the laws).

New Jersey. We find Appellants have suffered neither a due process nor an equal protection violation.

## CONCLUSION

The trial court properly applied the 8 month statute of limitation contained in S.C.Code Ann. § 62–3–108(3) to find Appellants' challenge to the will of their deceased father was untimely. Accordingly, the trial court's ruling is affirmed.

**AFFIRMED.**

TOAL, C.J., BEATTY, KITTREDGE, JJ., and Acting Justice JAMES E. MOORE, concur.